296 So.2d 323 (1974)
Amzy JACKSON, Jr.
v.
Dr. John DOE et al.
No. 54333.
Supreme Court of Louisiana.
June 10, 1974.
Gary L. Boland, James A. George, Baton Rouge, for plaintiff-applicant.
Robert L. Kleinpeter, Kleinpeter & Nevils, Baton Rouge, for defendants-respondents.
BARHAM, Justice.
The respondent has correctly stated that the primary issue originally presented when this writ was granted (the question of charitable immunity) has now been disposed of by the unanimous opinion of this Court in Garlington v. Kingsley, 289 So.2d 88 (La.1974). In Garlington we expressly overruled Grant v. Touro Infirmary, 254 La. 204, 223 So.2d 148 (1969), and stated:
"* * * We hold that the Rapides General Hospital and other charitable institutions are not immune from suit in tort and that injured parties proceeding against such institutions need not plead or establish those circumstances which some courts have recognized in the past as exceptions to the so-called rule of charitable immunity."
Respondent does not take issue with the holding in Garlington but merely urges that the decision in that case should operate prospectively only so that the respondent, Baton Rouge General Hospital, would not be held liable in damages to the relator in the case before us. Prospective application of judicial decisions is the exception rather than the general rule of law. No exceptional circumstances are argued which would support this Court's departure from the general principle. Respondent merely urges that it would be fair to make the holding in Garlington a prospective ruling. We do not find that fairness, justice, or any other consideration would require such a holding by us.
For the reasons assigned, the judgments of the Court of Appeal and the district court, maintaining a motion for summary judgment in favor of the respondent, Baton Rouge General Hospital, are set aside and the case is remanded to the trial court for further proceedings consistent with the views expressed herein. The casting of costs is reserved for the trial court.
SUMMERS, J., concurs in the result with reasons.
SUMMERS, Justice (concurring).
Prospective application of judicial decisions is legislating. I have not agreed to *324 such action on the rare occasions in recent years when this Court has adopted such a decree. It is a departure from the Court's previously announced opposition to such a practice. In my view it should not be continued. See my dissent in State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972). Thus, although I agree with the result the Court reaches, I do not agree with statements approving prospective application only of judicial decisions.