BYRNES, Judge.
This appeal involves a suit on open account brought by Dr. Alain Cracco, an orthopedic surgeon, for medical services rendered to Phillip Barras in connection with a leg injury. While Dr. Cracco was operating on Barras’ leg, one of Barras’ teeth was apparently damaged by the attending anesthetist and six days elapsed before a dentist was summoned to treat the damaged tooth.
When Barras failed to pay Dr. Cracco the balance of his bill, Dr. Cracco sent a demand letter requesting payment of the $3,102.00 owed. Subsequently, suit was filed on open account for $3,102.00. This amount was later amended to $2,990.00 after Blue Cross, Barras’ medical insurance carrier, sent Dr. Cracco a check for $112.00. In his answer, Barras pled the affirmative defense of failure of consideration based on Dr. Cracco’s alleged negligence in allowing the tooth to be damaged and failing to promptly order dental treatment. Barras also reconvened for damages and pled the affirmative defense of set-off based on Dr. Cracco’s failure to return an external leg apparatus. Barras had paid De LaRonde Hospital $3,500.00 for this device as part of his bill.
At trial, Barras represented himself in proper person and was assisted by his wife. After hearing the testimony of Dr. Cracco and his bookkeeper, the trial court ruled in favor of Dr. Cracco and awarded him $1,090.00. This award reflects a $1,500.00 reduction based on Dr. Cracco’s negligence in detecting and treating Barras’ broken tooth, and a $400.00 set-off for the value of the unretumed leg apparatus. This appeal followed.
ASSIGNMENT OF ERROR NO. 1
Dr. Cracco contends that the introduction of evidence at trial regarding alleged malpractice was prohibited by the Louisiana Malpractice Act because the claim was not first reviewed by a medical review panel. We disagree. R.S. 40:1299.-47(B), in effect when the present cause of action arose, provided:
No action against a health care provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, the use of the medical review panel may be waived.
In addition to this statutory waiver of a medical review panel, a malpractice claim may also be brought in district court without compliance with R.S. 40:1299.47 if the other party fails to contest this procedure by asserting the exception of prematurity. C.C.P. Arts. 928, 929. See also Vincent v. Romagosa, 390 So.2d 270 (La.App. 4th Cir.1980), writ denied, 396 So.2d 901 (La.1981).
In the present case, Barras pled the affirmative defense of failure of considera *1258 tion based on allegations of medical treatment by Dr. Cracco which was below the community standard of care. In support of this affirmative defense, Barras specifically alleged the facts surrounding the injury to his tooth as a result of Dr. Cracco’s operation on his leg. On the face of Bar-ras’ answer it is apparent that a malpractice claim was being asserted as a defense. By failing to oppose the assertion of this defense at the trial court level, Dr. Cracco, in effect, acquiesced to the litigation of this medical malpractice claim at trial without first submitting the claim to a medical review panel for an opinion. This finding is supported by our review of the transcript which reveals that counsel for Dr. Cracco not only failed to object to litigating this claim at trial, but was the first party to introduce evidence regarding the standard of care Dr. Cracco exercised in his treatment of Barras. Given these circumstances, we see no error in allowing evidence of malpractice to be introduced at trial.
Dr. Cracco also contends in brief that Barras’ malpractice claim should not have been allowed at trial because it had prescribed. While Barras’ claim may have prescribed prior to trial, the record shows that Dr. Cracco never filed an exception of prescription. After the submission of a case to the appellate court for a decision, the plea of prescription may not be considered. C.C.P. 2163; Payne v. Trichel, 397 So.2d 16 (La.App. 3rd Cir.1981). Moreover, even if the medical malpractice claim had prescribed, it could still be asserted as a defense to Dr. Cracco’s suit on open account under C.C.P. Art. 424.
Dr. Cracco further alleges that there was no evidence introduced at trial to support the trial court’s finding that Dr. Cracco committed medical malpractice. We agree. Dr. Cracco was the only witness at trial to testify to the standard of care exercised during his treatment of Bar-ras. Dr. Cracco testified that he followed the proper procedure in regard to all measures of treatment. When asked whether he knew the cause of the injury, Dr. Cracco responded that he did not recall that the tooth was damaged during surgery. Furthermore, Dr. Cracco stated that he did not cause the injury to the tooth and suggested that the injury was probably caused by the anesthetist when the patient was “intubat-ed”. Dr. Cracco also denied that Barras had asked him for dental treatment after the operation. Moreover, Dr. Cracco testified that it was another physician who arranged to have a dentist treat Barras’ fractured tooth. When asked whose responsibility it was to call in a dentist to treat Barras, Dr. Cracco responded that it was the anesthetist who should have requested the dental treatment.
Based on Dr. Cracco’s testimony, which was not contradicted by any testimony or evidence offered by Barras, we conclude that the trial court erred by finding that Dr. Cracco was negligent in failing to provide prompt dental care to Barras. The record is devoid of any evidence which would indicate that Dr. Cracco treated Bar-ras in a negligent manner. To the contrary, Dr. Cracco’s testimony supports the findings that he was not accountable for the injury and that any negligence attributable to the delay in dental treatment was the result of the anesthetist’s inaction.
We are mindful of the trial court’s reliance on the case of Villetto v. Weilbaecher, 377 So.2d 132 (La. 4th Cir.1979) for the proposition that a treating physician has the duty to refer his patient to a specialist when such treatment is necessary. Therein we stated that “[t]he critical question is whether or not the patient’s failure to receive the proper standard of care contributed to [the] injury”. Id. at 134. In the present case not only is there no evidence to support a finding that Barras failed to receive the proper standard of care, there is also no evidence to show that the alleged failure to receive prompt dental care contributed to Barras’ injury. Under these circumstances, the trial court’s finding that Dr. Cracco breached his duty of care to Barras is against the clear weight of the evidence presented. Accordingly, we reverse the trial court’s judgment on the issue of Dr. Cracco’s liability for injuries allegedly sustained by Barras. See Begin *1259 v. Talley, 305 So.2d 586 (La.App. 4th Cir.1974).
ASSIGNMENT OF ERROR NO. 2
Dr. Cracco also contends that the trial court erred in allowing Barras a $400.00 set-off for his failure to return the external leg apparatus. We agree. The only witness to testify on the issue of the return of the leg apparatus was Dr. Crac-co. During this testimony he stated that after sending the apparatus to the hospital lab for cleaning, he obtained the device from the lab with Barras’ consent for the purpose of displaying it to others in the medical profession. When asked why he did not return the apparatus to Barras when previously requested to do so, Dr. Cracco responded that “I probably didn’t have it with me or in my office”. Dr. Cracco further testified that the apparatus which he offered to tender at trial was the same device he removed from Barras’ leg. Despite unsworn testimony from Barras which disputed Dr. Cracco’s assertions, Barras offered no competent evidence to contradict Dr. Cracco’s testimony. Nonetheless, the trial court apparently found that the apparatus tendered at trial was not the one originally removed from Bar-ras’ leg and awarded Barras $400.00 in set-off for the loss of the device. The trial court’s fact findings will not be reversed on appeal unless, after a review of the entire record, it is determined that the findings are clearly wrong or unsupported by the evidence. Treitler v. American Druggists Insurance Co., 474 So.2d 475 (La.App. 4th Cir.1985). On the basis of the uncontro-verted testimony of Dr. Cracco in which he stated that he had Barras’ permission to use the apparatus and that the apparatus tendered at trial was the same one borrowed from Barras, we conclude that the trial court was clearly erroneous in awarding Barras $400.00 in damages for the non-return of the external leg device. The apparatus, which was proffered into evidence, should be released to Barras in satisfaction of his claim for its return.
ASSIGNMENT OF ERROR NO. 3
Dr. Cracco contends that he should have been awarded attorney’s fees pursuant to R.S. 9:2781(A). We agree.
This statute provides that:
“[W]hen any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.”
In the present case, Dr. Cracco fully complied with the procedural requirements of this statute. Although the demand letter sent to Barras asserted that the amount due and owing was $3,102.00, this was in fact, the correct amount owed at that time. A subsequent payment of $112.00 by Blue Cross reduced the amount due to $2,900.00. Dr. Cracco amended his petition to reflect this payment. Insofar as we have reversed the trial court on its award of set-offs to Barras for medical malpractice and non-return of the external leg apparatus, Dr. Cracco has received a judgment on the open account claim in his favor. We, therefore, conclude that Dr. Cracco is entitled to attorney fees under the provisions of R.S. 9:2781.
In his petition, Dr. Cracco requests twenty-five percent of the total award in attorney fees. We find this a reasonable amount in view of the amount involved, extent and character of labor performed, and attainment and skill of the attorney. Guillory v. Guillory, 339 So.2d 529 (La.App. 4th Cir.1976).
ASSIGNMENT OF ERROR NO. 4
Lastly, Dr. Cracco asserts that the trial court erred in allowing both Barras and his spouse, neither of whom is licensed to practice law, to cross-examine the plaintiff’s witnesses. Since we reverse that portion of the trial court’s judgment which was appealed by Dr. Cracco, we need not address this last assignment of error.
*1260 DECREE
For the above reasons, the portion of the trial court’s judgment which denied attorney fees and awarded Barras set-off is hereby reversed. In all other aspects, the judgment of the trial court is affirmed. Accordingly, there is judgment in favor of plaintiff, Alain F. Cracco, and against defendant, Phillip J. Barras in the sum of $2,990.00 with legal interest from date of judicial demand until paid, plus 25% of said amounts as attorneys fees, and all costs of these proceedings including costs of this appeal.
AFFIRMED IN PART AND REVERSED IN PART.