539 So.2d 735 (1989)
Patrick M. CRAWFORD, D.D.S., Plaintiff-Appellee,
v.
Lucinda HOWARD and Harold Howard, Defendants-Appellants.
No. 87-1204.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Writ Denied April 7, 1989.
Plauche, Smith & Nieset, James R. Nieset, Lake Charles, La. for plaintiff-appellee.
Michael K. Wright, Frank M. Granger, Lake Charles, La. for defendants-appellants.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
Lucinda Howard and Harold Howard, the defendants-appellants, appeal from the Trial Court's judgment finding in favor of Patrick M. Crawford, D.D.S. and Patrick M. Crawford, D.D.S., a Professional Corporation, plaintiffs-appellees, in this action for declaratory judgment of prescription. The defendants would generally be in the position of plaintiffs in this medical malpractice case, but before the case could be dispensed with by a medical review panel Dr. Crawford filed a petition for declaratory judgment of prescription seeking to have the Howards' claim declared prescribed.
Mrs. Howard was a patient of Dr. Crawford's during the months of June, July and August of 1983. Dr. Crawford placed braces on Mrs. Howard's teeth, apparently in an attempt to align the teeth and decrease the amount of occlusion. In August of 1983, Mrs. Howard terminated the services of Dr. Crawford.
In January of 1984, Mrs. Howard saw Dr. Bordelon in Thibodaux, Louisiana, complaining of pain and discomfort with her teeth. The Howards admit in their brief, and it was found by the Trial Court, that at this time the Howards knew Mrs. Howard's problems were caused by the braces placed in her mouth by Dr. Crawford. In June of 1984, the Howards, represented by their attorney, Mr. Kenneth Wright, sent a letter to Dr. Crawford advising him that they were displeased with the doctor's services and that his collection attempts should cease until further discussion with Mr. Wright.
*736 Dr. James Hebert was consulted by Mrs. Howard in August of 1984, in Sulphur, Louisiana. Dr. Hebert informed Mrs. Howard that corrective treatment on her teeth was needed. He believed she needed fifteen crowns and bridges and that her teeth needed to be realigned.
On September 10, 1985, the Howards sent a proposed copy of their petition for damages resulting from medical malpractice to the Louisiana Commissioner of Insurance. Dr. Crawford was notified and filed the instant suit for declaratory relief on February 18, 1987.
At the trial on the merits, the parties stipulated to the facts. The Trial Court found that the Howards had knowledge which put them on inquiry, or put them on guard to make an inquiry, as early as January of 1984. The Howards admitted this fact.
La.R.S. 9:5628 (1975) (amended 1976) provides, in part, that an action for damages arising out of medical malpractice must be brought within one year of the act or omission, or within one year from the date of discovery of the alleged act or omission. In any event, a claim must be filed within three years from the date of the alleged act or omission. The Trial Court thus found that the Howards' claim had prescribed and granted the plaintiff the declaratory relief sought.
On appeal, as well as at trial, the Howards argue that the alleged malpractice committed in this case constitutes a continuing tort which suspends the accrual of prescription. The basis for this argument is the case of South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531 (La.1982). The facts of South Central Bell, however, are distinctly different from the situation at hand. The Supreme Court made it clear that to have a continuing tort, the conduct and the damages must continue.
In South Central Bell, the constant leaking of gasoline from defective underground tanks constituted the continuing tortious conduct. The continuing damages were the constant deterioration of underground polyethylene telephone cables. In the case sub judice, the plaintiff-doctor's conduct ceased, without question, in August of 1983. Although Mrs. Howard might have continued to experience pain and discomfort after August of 1983, the alleged tortious conduct by Dr. Crawford had ceased. Thus, there was no continuing tortious conduct and continuing damages as required by South Central Bell.
The appellants' reliance on South Central Bell is erroneous because they only argue that the damages suffered by Mrs. Howard continued. There was no attempt to argue that Dr. Crawford's actions were continuous. The Trial Court was, therefore, not manifestly erroneous in finding that the alleged malpractice was not a continuing tort which would have suspended the accrual of prescription.
The appellants further suggest that Dr. Crawford did not satisfy his burden of proof in the Trial Court. The parties, however, stipulated to all facts and the Trial Court correctly rendered a decision based upon the record. We fail to find any manifest error. Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825 (La.1987); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons the judgment of the Trial Court is affirmed.
All costs of this appeal are assessed against the defendants-appellants, Lucinda Howard and Harold Howard.
AFFIRMED.