LMIRIAM G. WALTZER, Judge.
This appeal arises from a medical malpractice action in which the claimant filed a civil action within one year of the alleged malpractice but failed to timely file a request a medical review panel.
STATEMENT OF FACTS AND HISTORY OF THE CASE
On 29 July 1990 Richella Sherman gave birth to her son, Level. Level suffered serious injury in the delivery. On 29 July 1991, the Shermans sued Dr. Marcel Bacchus, Dr. Washington Bryan, and Touro Hospital. On 2 February 1996 the Sher-mans filed a pleading entitled “Motion,” an apparent attempt to prevent dismissal for abandonment of the action.[1] In June 1996 the Shermans requested service of this civil suit on the named defendants. In June 1996 Dr. Bryan, Dr. Bacchus and *335 Touro were served with the Shermans’ suit. Dr. Bacchus and Touro filed exceptions of prematurity. On 2 August. 1996 the Shermans agreed to dismiss this lawsuit since they had not complied with the provisions of LSA-R.S. 40:1299.41.[2] However, the consent judgment only references dismissal of 12plaintiffs’ suit against Touro. After Touro and Dr. Bacchus filed the exceptions of prematurity in 1996, the Shermans filed a request for a medical review panel.[3]
On 24 June 1998 the Shermans filed a second suit for damages against Touro, Dr. Bacchus, and Dr. Bryan for medical malpractice associated with Levell’s delivery on 29 July 1990. The trial court consolidated the two suits. The defendants pled the peremptory exception of prescription. The trial court heard the exceptions and sustained the exception by judgment dated 18 September 2000. The Shermans appeal arguing that the trial court erred in relying on LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, and sustaining the exception of prescription. On appeal, the Shermans argue that the trial court erred in the retroactive application of Le-Breton to the facts in this case.
DISCUSSION
The trial court dismissed all medical malpractice claims by the Shermans against the three qualified health care providers relating to the delivery and birth of Levell Sherman on 29 July 1990.
[Mjedical malpractice cases are governed by special rules, one of which is that the filing of a panel request only suspends prescription, and that this special prescription rule conflicts with the general Civil Code articles 3466 and 3472. Indeed, the court found that if these Code articles were applied, the prescription and suspension provisions of the Medical Malpractice Act would be written out. Regarding the impact of such a conflict in medical malpractice cases, the court stated:
If we let this ruling stand, we will condone and encourage the technique of unnecessarily prolonging malpractice litigation by a lesser standard. The party who improperly files a premature medical malpractice suit without first filing the claim with the board for a medical review panel, and whose suit is subsequently dismissed without prejudice, gains an additional year in ^prescription in addition to the suspended time provided by the Medical Malpractice Act, within which to file suit anew.
LeBreton at p. 8, 714 So.2d at 1230. The court found that this determination comported with the rationale for suspension espoused by French doctrinal writers, specifically that suspension is a measure of equity invented through regard for persons who are not in a position to interrupt prescription, such as medical malpractice plaintiffs who, by statute, may not commence their suit until they present their complaint to a state medical review panel. Id. at p. 9-10, 714 So.2d at 1230-31 (quoting 1 Marcel Planiol & George Ripert, Traite Elementaire de Droit Vivil, No. 2698 (12th ed.1939), reprinted in 1 Marcel Planiol & George Ripert, Treatise on the Civil Law, Part 2 at 294 (La.St.L.Trans. 1959)). Therefore, the court concluded that there is no need for the general rules of interruption to combine with *336 suspension “to synergistically benefit the plaintiff.” Id. at p. 10, 714 So.2d at 1231.
Geiger v. State of Louisiana, through the Department of Health and Hospital, 2001-2206 p. 7-9, (La.4/12/02), 815 So.2d 80, 84-85. This court has held,
The jurisprudence is clear that a medical malpractice lawsuit that is premature because there is no ongoing claim filed before the PCF for a medical review panel does not interrupt prescription. Washington v. Fustok, 2001-1601 (La.9/21/01), 797 So.2d 56 and Baham v. Medical Center of Louisiana at New Orleans 2000-2022 (La.App. 4 Cir. 7/11/01), 792 So.2d 85, both citing LeBre-ton decision.
Wesco v. Columbia Lakeland Medical Center, 2000-2232 p. 5 (La.App. 4 Cir. 11/14/01), 801 So.2d 1187, 1190.
Appellants concede on appeal that the LeBreton decision forecloses any argument that they interrupted prescription agáinst the defendants. Their 1991 civil action was premature, since they filed suit before requesting a medical review panel as required by La. R.S. 40:1299:47(A)(1). Moreover, the Shermans’ request for a medical review panel in 1996 did not suspend the running of prescription under La. R.S. 40:1299.47(A)(2)(a), because prescription cannot be suspended after it has run. Geiger, 2001-2206 at p. 9, 815 So.2d at 85. Furthermore, the 1998 suit on the same claim against the same defendants was prescribed on its face. | therefore, the trial court did not err in sustaining defendants’ exception of prescription and dismissing the Shermans’ untimely claims.
The Shermans argue that retroactive application of LeBreton unconstitutionally divests them of certain protected rights. We believe this case does not present the equitable arguments made and relied upon in Fortier v. Dehne, 2001-1071 (La.App. 4 Cir. 12/19/01), 804 So.2d 819. In Fortier, this court overruled an exception of prescription where the “plaintiffs did everything they could do in a timely fashion.” The Fortiers filed a timely request for a medical review panel with the wrong agency, and they relied to their detriment on misrepresentations made by the Patient’s Compensation Fund. Fortier, 2001-1071 at pp. 12-13, 804 So.2d at 827. We find the facts in this suit distinguishable from the facts in Fortier.
The Shermans argue that we should not apply retroactively the holding in LeBre-ton. We find little support for the Sher-mans’ argument. They rely almost exclusively on Lovell v. Lovell, 378 So.2d 418, 422 (La.1979). In Lovell, the Supreme Court declared that “[o]ur decision establishes a new principle of law by overruling clear past precedent on which litigants have relied.” 378 So.2d at 422. The Sher-mans have found no binding authority for their decision to file suit prematurely in 1991 without requesting service on any defendant or seeking a medical review panel until 1996.
The overwhelming prevalent norm in Louisiana, as in the common law, the federal courts, and civil law jurisdictions, is that judicial decisions must be applied retroactively.
In accordance with that authoritative standard, the Supreme Court of Louisiana has declared that the general rule is that, unless a judicial decision specifies otherwise, it is to be given both retrospective and prospective effect. Succession of Clivens, 426 So.2d 585, 587, 594 (La.1983) (on original hearing and rehearing); Harlaux v. Harlaux, 426 So.2d 602, 604(La.), cert. denied, 464 U.S. 816, 104 S.Ct. 74, 78 L.Ed.2d 86 (1983). Fifty years earlier the same court in Norton v. Crescent City Ice Manufacturing Co., 178 La. 135, 150 So. *337 855 (1933), applied substantially the same rule:
The law as construed in an overruled case is considered as though it had never existed, and the law as construed in the last ease is considered as though it has always been the law. As a general rule, the law as construed in the last decision operates both prospectively and retrospectively, except that it will not be permitted to disturb vested rights.
Id. at 858. See also Construction Materials, Inc. v. American Fidelity Fire Ins. Co. 388 So.2d 365, 367 (La.1980) (“ ‘[T]he decisions of a court of last resort are not the law, but only the evidence of what the court thinks is the law.’ ” (quoting Norton, 150 So. at 858)); Jackson v. Doe, 296 So.2d 323, 323 (La.1974) (“Prospective [only] application of judicial decisions is the exception rather than the general rule of law.” (rejecting argument that Garglington v. Kingsley, 289 So.2d 88 (La.1974), overruling doctrine of charitable immunity, should operate prospectively only.)); Charles v. United States, 15 F.3d 400, 402 n. 4 (5th Cir.1994) (“ ‘Generally, [under Louisiana law] unless a decision specifies otherwise, it is given both retrospective and prospective effect.’ ” (quoting Succession of Clivens, 426 So.2d at 587)); Hutson v. Madison Parish Police Jury, 496 So.2d 360, 369 (La.App. 2d Cir.), writ denied, 498 So.2d 758 (La.1986) (same); McLaughlin v. Herman & Herman, 729 F.2d 331, 334 (5th Cir.1984) (a diversity case finding that the rule of two Louisiana state court decisions “is within the general rule, rather than the exception, and therefore should be applied prospectively and retroactively”).
Hulin v. Fibreboard Corp., 178 F.3d 316, 319, 320 (5th Cir.1999). See also Manner v. Queen of New Orleans at the Hilton, 2000-1598 p. 6 (La.App. 4 Cir. 5/16/01), 787 So.2d 1115, 1119.
The Louisiana Supreme Court applied its decision in LeBreton retroactively. The Shermans argue that their attorney relied on settled jurisprudence, but they cited no binding authority which decision unequivocally controls the facts before us. Moreover, the Shermans in their arguments to this court completely disregard the applicable provisions of the statute. LeBreton did not make new law but merely interpreted unchanging statute. The Shermans have not persuaded us that | ¡¿he court’s retroactive application divests them of any constitutionally protected interest.
CONCLUSION
For the above reasons, we affirm the decision of the trial court sustaining defendants’ exception of prescription and dismissing all claims.
AFFIRMED.

. We do not believe this motion constitutes a step in the prosecution sufficient to prevent a plea of abandonment. However, the issue of abandonment is not before us, since the parties did not assign the matter as an error.

. The parties do not argue that all defendants were qualified health care providers entitled to the protections afforded by the Louisiana Medical Malpractice Act.

. The record contains no evidence of this request. However, the parties do not contest the fact that such a request was made in 1996.