I,KIRBY, J.
In this medical malpractice iitigation concerning the Vitek jaw implant, the State of Louisiana through the Louisiana State Board of Dentistry and John Kent, D.D.S. (relators) seek supervisory review of the order referring their exception of prescription to the merits of the case.
On December 5, 1991, plaintiff sued Dr. John Kent in medical malpractice averring:
2.
... that she has been under'the medical care and supervision of Dr. Kent since May 1986 for problems associated with her temporomandibular joint including bilateral TMJ pain and dysfunction.
3.
On or about June 12, 1986, petitioner underwent surgery performed by Dr. Kent at Hotel Dieu Hospital in New Orleans in which Bilateral Temporoman-dibular and Glenoid Fossa Prostheses were removed and replaced with the Kent-Vitek Prosthesis (VKI) and Gle-noid Fossa Prosthesis.-
4.
On or about May 19, 1989, petitioner underwent a second surgical operation performed by Dr. Kent at Hotel Dieu Hospital in New Orleans in which the implants related in the preceding paragraph were removed and replaced with .the VKII version of the Glenoid Fossa Prosthesis and the VKII Total Joint Condylar Prosthesis.
5
Petitioner avers-that in late December of 1990, or early January of 1991, she . learned of possible problems associated with products manufactured and distributed by Vitek, Inc., in particular the TMJ devices which Dr. Kent implanted in her by surgical intervention.
6.
In January of 1991, petitioner wrote to and obtained from Hotel Dieu Hospital her medical records associated with her two surgeries to determine the procedures and materials used by Dr. Kent.
7.
Petitioner avers that she received on February 27, 1991 a letter from Dr. Kent dated January 28, 1991 relating the existence of possible problems associated with the Vitek products.
On March 26, 1992, Dr. Kent filed an exception of prematurity, citing the plaintiffs failure to submit the matter to a medical review panel prior to filing suit. La. R.S. 40:1299.39, et seq. On February 15, 1993, plaintiff filed a Request for Review with the Commissioner of Administration in which she reiterated the allegations of her 1991 suit. On March 3, 1993, plaintiff filed a Motion to Dismiss (Before Answer is Filed) the 1991 suit. On March 7,, 1995, the medical review panel rendered its. opinion..
On April 4, 1995, the plaintiff filed the present suit against Dr. Kent and the State, as solidary obligors, presenting the same factual events stated in the 1991 suit and stating causes of action in negligence, intentional concealment, misrepresentation, fraud, medical malpractice and products' liability. On January 22, 2003, rela-tors filed an exception of prescription, which the trial judge referred to the merits. This timely application followed.
*701 Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992). However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Campo v. Correa, 2001-2707 (La.6/21/02), 828 So.2d 502. Thus, when a petition reveals on its face that prescription has run, the plaintiff has the burden of showing the suspension, interruption or renunciation of prescription. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992).
In determining the applicable prescriptive period, the court is guided by the well-settled principle that the character of a cause of action as disclosed in the pleadings determines the prescriptive period applicable to that action. SS v. State ex rel. Dept. of Social Services, 2002-0831 (La.12/4/02), 831 So.2d 926. As indicated earlier, the plaintiffs suit seeks relief for medical malpractice, products liability, fraud, intentional concealment, misrepresentation and negligence.
La. R.S. 9:5628(A) addresses prescription in actions for medical malpractice, and provides:
No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the' date of the alleged act, omission, or neglect.
|4In this case, the plaintiff invokes the doctrine of contra non valen-tum [1], plus interruption of prescription by her 1991 suit and continuing tort as defenses to relators’ exception. However, these arguments are of no avail to the plaintiff.
The plaintiff in this case admitted in deposition and averred in the petitions of her 1991 and 1995 suits that she was aware as early as December 1990 there was a problem with the implant. She stated in her deposition that she had heard media reports of the recalling of the implant and that she received written notification of a possible implant problem from Dr. Kent in February 1991. Yet, she did not file a Request for Review until February 1993, approximately two years after her admitted knowledge of the defective implant, nor the present suit until April 4, 1995, more than four years post-knowledge of the defect.
*702 A plaintiff need not have actual knowledge of the conditions that might entitle him to bring suit, but only “constructive notice.” Cartwright v. Chrysler Corp., 255 La. 597, 232 So.2d 285, 287 (La.1970). Whatever is notice enough to excite attention and put the plaintiff on guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the plaintiff on inquiry is sufficient to start the running of prescription. Id at 287. The facts indicate that the plaintiff was aware she might have a cause of action, and did in fact excite her to investigate. She obtained copies of her medical reports and contacted an attorney in 1991 to ^protect her rights by filing suit. These facts do not support the plaintiffs contra non va-lentwn argument.
Nor is there support for the plaintiffs argument that the 1991 suit interrupted prescription as to the 1995 suit. La. R.S. 40:1299.39.1(B)(l)(A)(i) provides: “No action against the state, its agencies, or a person covered by this Part, or his insurer, may be commenced in any court before the claimant’s complaint has been presented to a state medical review panel.” The jurisprudence is clear. A medical malpractice lawsuit that is premature because there is no ongoing claim filed before the PCF for a medical review panel does not interrupt prescription. Sherman v. Touro Infirmary Hospital, 2000-1365, 2000-2574, 2000-1366, 2002-1058, 2000-2573, 2002-1059, (La.App. 4 Cir. 10/30/02) 832 So.2d 334, writ denied 2002-2897 (La.2/7/03) 836 So.2d 102. Nevertheless, plaintiff argues that at the time she filed her 1995 suit, the 1991 suit was still viable because the order on her voluntary motion to dismiss, although filed in 1993, was not signed until 2002.[2] La. C.C. art. 3463.[3]
Medical malpractice law is sui generis — of its own kind' — the only one of its kind. La. R.S. 40:1299.39(C). In an instance of conflict between the Civil Code and the medical malpractice law, “the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.” LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226. In LeBreton, the ¡^Supreme Court determined “that the specific statutory provision providing for the suspension of prescription in the context of medical malpractice [is to be] applied alone, not complementary to the more general codal article which addresses interruption of prescription.” Id, p. 2, 714 So.2d at 1227. Therefore, La. C.C. art. 3463 is not applicable to this case. Moreover, the plaintiffs procedural actions belie her contention the 1991 suit was viable at the time she filed her 1995 suit. If the 1991 suit was still viable in 1995, there was no need to file a second suit; the plaintiff could simply have amended her first suit. The fact that plaintiff filed a second suit in 1995 indicates that she did not believe the 1991 suit was viable, perhaps because she filed a *703 voluntary motion to dismiss that suit in 1993.
As for the plaintiffs continuous tort theory, the continuing tort doctrine requires both continuous tortious conduct and resulting damages. When the cause of the injury is a continuous one giving rise to successive damages, prescription dates from cessation of the wrongful conduct causing the damage. In re Medical Review Panel for Claim of Moses, 2000-2643 (La.5/21/01), 788 So.2d 1173, citing South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531 (La.1982). In this case, there is no evidence of continuous tort. The plaintiff alleges in her petition that the incident of medical malpractice occurred in 1989 with the implantation of the Vitek device in her jaw, not a course of continuous tortious conduct resulting in successive damage.
Applying La. R.S. 9:5628(A) to the facts of this case, it appears the plaintiff should have filed her request for a medical review panel no later than 1990, the one year anniversary of the last incidence of malpractice. Even allowing plaintiff a more liberal interpretation of the facts and accepting February 28, 1991, the date she received Dr. Kent’s letter advising of possible implant defect, as the date of 17commencement of prescription, the plaintiff had until February 1992 to file her request for medical review panel. Further, allowing 1989 as the alleged date of malpractice and applying the most liberal time period of three years under La. R.S. 9:5628(A) as the commencement of prescription, plaintiffs February 1993 request for medical review panel was untimely.
Plaintiff did not request a medical review panel until February 1993, more than three years after the alleged incident of malpractice. La. R.S. 9:5628(A). The 1991 suit was premature because it was filed prior to the plaintiffs request for medical review panel. La. R.S. 40:1299.39.1(B)(l)(A)(i). According to Sherman, supra, a prematurely filed civil suit does did not interrupt prescription. The present suit, filed on April 4, 1995, is prescribed pursuant to La. R.S. 9:5628(A) because there was no interruption of prescription either by the plaintiffs 1991 suit or her 1993 request for medical review panel. It follows, therefore, that because the plaintiffs cause of action against Dr. Kent is prescribed, the same is true with regard to the State as a solidary obligor.
When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). For the reasons stated above, we grant the relators’ writ application and reverse the trial court’s judgment referring the relators’ exception of prescription to the merits of the case. We hereby render judgment sustaining | Rrelators’ exception of prescription. Plaintiffs case against relators is hereby dismissed with prejudice.
REVERSED AND RENDERED.

. Under Louisiana law, the doctrine of contra non valentum halts the running of prescription when the circumstances of the case fall into one of the four categories: (1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff’s action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action. In re Med. Review Panel Proceeding Vaidyanathan, 98-0289 (La.App. 4 Cir. 9/23/98), 719 So.2d 604. In this case, plaintiff relies upon the third and fourth elements of contra non valentum claiming that, relators concealed/withheld/misrepresented information concerning the defective condition of the implant so as to deprive her knowledge of her cause of action.

. The parties explain that the order of dismissal was not signed until 2002 because plaintiffs counsel failed to pay the $10.00 filing fee in 1993.

. La. C.C. art. 3463 provides:
Duration of interruption; abandonment or discontinuance of suit
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.