886 So.2d 594 (2004)
Leroy R. FARVE
v.
David M. JARROTT, M.D.
No. 2004-C-1424.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 2004.
Rehearing Denied December 3, 2004.
*595 L. Kevin Coleman, Law Office of L. Kevin Coleman, APLC, and Michelle D. Robert, New Orleans, LA, for Plaintiff/Respondent.
Bruce A. Cranner, Ann Marie LeBlanc, James Waldron, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for Intervenor/Relator.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY and Judge MAX N. TOBIAS JR.).
JOAN BERNARD ARMSTRONG, Chief Judge.
The Louisiana Patient's Compensation Fund and Oversight Board (PCF) seeks supervisory review of the lower court judgment overruling its exception of prescription.
Dr. David Jarrott performed several surgical procedures on the plaintiff's back, the last one on February 15, 1993. Thereafter, the plaintiff consulted a new physician, who operated on him on July 19, 1994, and, according to Mr. Farve's petition, "[a]s a result of the comparatively excellent result [he] received from the single surgery performed by [the new physician], [plaintiff] became suspicious of the numerous surgeries performed by ... Dr. Jarrott, and for the first time had notice that malpractice may have been involved."
On July 19, 1995, the plaintiff filed this medical malpractice suit against Dr. Jarrott, but withheld service of the petition. On February 19, 1996, the plaintiff filed a request for a medical review panel.
On January 30, 1997, Dr. Jarrott filed a separate suit seeking judgment declaring the plaintiff's cause of action prescribed. The trial court heard arguments on the issue and deferred its ruling to the merits.[1]
On January 24, 1997, Dr. Jarrott answered the plaintiff's petition.
On August 28, 1997, the medical review panel rendered its opinion.
On September 2, 2000, plaintiff settled with Dr. Jarrott, reserving his right to proceed against the PCF.
On January 31, 2001, the PCF answered the Petition for Approval of Settlement.
On March 29, 2004, the PCF filed an exception of prescription on the basis that under the Medical Malpractice Act (La. R.S. 40:1299.41, et seq.), a premature lawsuit does not interrupt prescription, LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, and, consequently, the plaintiff's *596 request for review panel was untimely pursuant to La. R.S. 9:5628.[2]
On July 20, 2004, the trial court overruled the exception of prescription. This timely application followed.
The PCF argues the trial court erred in overruling the exception because it refused to apply retroactively the ruling in LeBreton v. Rabito, which holds that a medical malpractice suit, filed prior to the request for a medical review panel, does not interrupt prescription on a medical malpractice claim.
In LeBreton within one year of the death of her father, Ms. LeBreton filed a suit in medical malpractice in district court against Drs. Rabito, Breaux, and Krefft. Within one year of her father's death, Ms. LeBreton also filed a request with the PCF for a medical review panel. The doctors interposed dilatory exceptions of prematurity to the suit; and on July 20, 1993, the trial court granted the exceptions and dismissed the suit without prejudice. The medical review panel issued its opinion on August 12, 1996. On February 3, 1997, approximately five months after the plaintiff's attorney was notified of the panels findings, the plaintiff filed suit for wrongful death. Relying on Hernandez v. Lafayette Bone and Joint Clinic, 467 So.2d 113 (La.App. 3 Cir.1985), the trial court denied the exception of prescription. Ultimately the Louisiana Supreme Court reversed, overruling Hernandez. The Hernandez case had approved the simultaneous application of interruption and suspension of prescription in a medical malpractice setting, but the Supreme Court in LeBreton concluded that the specific statutory provision for suspension in the context of medical malpractice is not complementary to the more general provision on interruption of prescription found in La. C.C. art. 3462. Thus, the LeBreton court found that although the plaintiff's claim was suspended from the date she filed her request for a medical review panel until the expiration of the 90-day suspensive period provided by La. R.S. 40:1299.47(A)(2)(a), her wrongful death action was clearly prescribed by the time she filed suit.
The plaintiff/respondent argues that to grant the exception would result in manifest injustice because the retroactive application of LeBreton would divest him of a pre-existing right. In support he cites the circuit courts pre-LeBreton history of determining that a malpractice action commenced without prior submission to a medical review panel does not prevent the filing of suit in district court from interrupting prescription, Dufrene v. Duncan, 371 So.2d 1215 (La.App. 4 Cir.1979); that a health care provider who, like Dr. Jarrott, fails to file an exception of prematurity in a suit brought in district court waived his right to review of the claim before the *597 medical review panel, Barraza v. Scheppegrell, 525 So.2d 1187 (La.App. 5 Cir.1988); that a malpractice claim may be brought in district court without filing with the medical review panel if the health care provider, as Dr. Jarrott in this case, fails to contest it through an exception of prematurity, Cracco v. Barras, 517 So.2d 1256 (La.App. 4 Cir.1987); that a health care provider's exceptions of lack of subject matter jurisdiction and improper venue were properly denied even though the claim was not filed before the medical review panel before suit was filed in district court, Vincent v. Romagosa, 390 So.2d 270 (La.App. 3 Cir.1980); and that the filing of suit in district court interrupted prescription, even though the suit was dismissed on an exception of prematurity due to an arbitration agreement entered into by the parties, Garrity v. Cazayoux, 430 So.2d 1138 (La.App. 1 Cir.1983).
The plaintiff/respondent points out that he initially filed his suit for damages timely, i.e., within one year of the surgery that allegedly alerted him to Dr. Jarrott's alleged malpractice. Furthermore, he argues that Dr. Jarrott's action in filing an answer to the suit, instead of an exception of prematurity, precludes the assertion of an exception of prescription. This court disagrees. See Wesco v. Columbia Lakeland Medical Center, 2000-2232 (La.App. 4 Cir. 11/14/01), 801 So.2d 1187. The PCF is a "statutory intervenor" and as such takes the proceedings as it finds them. La. C.C.P. art. 1094; Williams v. Kushner, 449 So.2d 455 (La.1984).
In this case, the plaintiffs request for a medical review panel was not filed until February 19, 1996, more than three years after the last surgery performed by Dr. Jarrott, and more than two years after the surgery which he alleges put him on notice of Dr. Jarrott's alleged malpractice. Filing a request for a medical review panel after one year from the date of the action has no effect because prescription cannot be suspended after it has run. Geiger v. St. of La. Dept. Health and Hosp., 2001-2206 (La.4/12/02), 815 So.2d 80. Thus, application of the LeBreton rational to the facts of this case requires granting the exception of prescription.
Concerning the retroactive application of LeBreton to this case, in Sherman v. Touro Infirmary Hospital, XXXX-XXXX (La.App. 4 Cir. 10/30/02), 832 So.2d 334, writ den. 2002-2897 (La.2/7/03), 836 So.2d 102, this Court rejected the argument that LeBreton changed the law such that retroactive application would divest a party of a constitutionally protected interest, and opined that LeBreton did not make new law but merely interpreted an unchanged statute. Because the decision simply declares what the law means, and has always meant, there is no change in the law and no issue of retroactive application. Furthermore, any question concerning the equities of applying LeBreton is answered by LeBreton itself; the Supreme Court, while overruling Hernandez, supra, applied its decision in LeBreton to the plaintiff therein and dismissed her action with prejudice.
Therefore, we grant the writ, reverse the trial court ruling and dismiss the suit as prescribed.
WRIT GRANTED; RULING OF TRIAL COURT REVERSED; CASE DISMISSED.
TOBIAS, J., CONCURS AND ASSIGNS REASONS.
TOBIAS, J., CONCURS AND ASSIGNS REASONS.
I respectfully concur, but write separately because I question the reasoning of Sherman v. Touro Infirmary Hospital, XXXX-XXXX, XXXX-XXXX, 2000-2573, 2000-2574, XXXX-XXXX, XXXX-XXXX (La.App. 4 Cir. *598 10/30/02), 832 So.2d 334 and its retroactive application of LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226.
The rationale of Sherman and LeBreton is that a party asserting a claim of medical malpractice must assume that the allegedly malpracticing health care provider is a qualified health care provider under La. R.S. 40:1299.41 et seq. (hereinafter, "the Act"). Before LeBreton, a person had a right to assume that his or her health care provider was not necessarily covered by the Act and could file a suit in the district court that would interrupt prescription. Thereafter, if the health care provider was determined to be a qualified health care provider, the district court suit would be deemed premature and had to be dismissed. The effect of LeBreton was to change the presumption, which has substantive as well as procedural aspects.
NOTES
[1] The issue of prescription has previously been urged via application for supervisory writ, and a panel of this Court declined to exercise its supervisory jurisdiction to review the trial judge's decision to refer the plea of prescription to the merits. Farve v. Jarrott, 97-C-1505 (La.App. 4 Cir. 8/13/97 unpubl.).
[2] La. R.S. 9:5628(A) addresses prescription in actions for medical malpractice, and provides:

No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
The prescription is suspended by the filing of a request for a medical review panel. La. R.S. 40:1299.47.