NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-32


OLIVER HOWARD

VERSUS

EDWARD A. DUFRESNE, JR., ET AL.


**********

APPEAL FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, NO. 675-382 "E"
HONORABLE JOHN J. MOLAISON  JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy Howard Ezell,
Judges.

AFFIRMED.


Edgar John Litchfield
Carey B. Daste
Berrigan, Litchfield, Schonekas, Mann & Traina
201 St. Charles Ave., #4204
New Orleans, LA 70170
(504) 568-0541
COUNSEL FOR DEFENDANT/APPELLEE:
    Honorable Susan M. Chehardy-Williams

**David G. Sanders**
**Assistant Attorney General**
**Bridget B. Denicola**
**Assistant Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Honorable Edward A. Dufresne, Jr., et al.**

**Oliver Howard**
**ASH - 1**
**Louisiana State Penitentiary**
**Angola, LA 70712**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Oliver Howard**

**EZELL, Judge.**

Oliver Howard appeals the decision of the trial court below granting an exception of prescription in favor of the Defendants, the judges of the Louisiana Fifth Circuit Court of Appeal. For the following reasons, we hereby affirm the decision of the trial court.

This lawsuit is one of many filed by inmates as a result of allegations that arose after the suicide of Jerrold Peterson, the former central staff director of the Louisiana Fifth Circuit Court of Appeal. At the time of his death, Peterson left a letter in which he summarized the procedure utilized to handle pro se post-conviction relief applications at the fifth circuit. It was alleged that pro se applicants did not receive proper review by a three-judge panel. When these representations were made public, numerous prisoners sought relief in state and federal court. In response, the Louisiana Supreme Court directed that all such claims be resubmitted to the fifth circuit for review by three-judge panels comprised of judges who were not involved in the decision to adopt the process utilized by Peterson. *State v. Cordero*, 08-1717 (La. 10/3/08), 993 So.2d 203.

Mr. Howard had filed a pro se application for post-conviction relief in 2003, which was denied by the fifth circuit. He filed the current civil suit alleging damages arising from denial of due process in July of 2009. The Defendants filed an exception of prescription, which was granted by the trial court, dismissing Mr. Howard's civil claim. From that decision, Mr. Howard appeals.

Mr. Howard asserts one assignment of error on appeal, that the trial court erred in granting the Defendants' exception of prescription. We disagree.

> Liberative prescription runs against all persons, including minors, unless exception is established by law. La.Civ.Code arts. 3467, 3468; *Bouterie v. Crane,* 616 So.2d 657 (La.1993). The one-year

liberative prescription period for delictual actions begins to run from the date the injury or damages is sustained. La.Civ.Code art. 3492; *Bouterie,* 616 So.2d at 660. Although prescriptive statutes are generally construed strictly against prescription, when a petition reveals on its face that prescription has run, the plaintiff bears the burden of proving why the claim has not prescribed. *Doe v. Doe,* 95–0006 (La.App. 1 Cir. 10/6/95); 671 So.2d 466.

When tortious conduct and resulting damages are of a continuing nature, prescription does not begin until the conduct causing the damages is abated. *Bustamento v. Tucker,* 607 So.2d 532 (La.1992). However, it is also well established that the principle of a continuing tort applies only when continuous conduct causes continuing damages. *Laughlin v. Breaux,* 515 So.2d 480 (La.App. 1 Cir.1987). Continuing damages do not suffice to create a continuing tort; there must also be continuing acts of fault. *National Council on Compensation Ins. v. Quixx Temporary Services, Inc.,* 95–0725 (La.App. 4 Cir. 11/16/95); 665 So.2d 120. Accordingly, in order to allege a continuing tort, the plaintiffs must allege both continuous action and continuous damage. *Chiasson v. Doe,* 618 So.2d 38 (La.App. 3 Cir.), *writ den'd,* 624 So.2d 1225 (La.1993); *Crawford v. Howard,* 539 So.2d 735 (La.App. 3 Cir.), *writ den'd,* 541 So.2d 840 (La.1989).

*Ready v. State, Dep't of Health & Human Res.,* 95-1564, pp. 7-8 (La. App. 3 Cir. 6/25/97), 707 So.2d 1250, 1256, *writ denied*, 98-1125 (La. 6/5/98), 720 So.2d 687.

Due process violations are subject to the same one-year prescriptive period as tort actions. *Id.*

Here, Mr. Howard's application for post-conviction relief was denied in 2003, six years prior to the filing of the suit. While he may have suffered continuing damages from the Defendants' actions, there was certainly no further action on the Defendants' part against Mr. Howard after the denial of his application to make this a continuing tort, and the suit has clearly prescribed.

Mr. Howard implicitly makes a claim under the doctrine of contra non valentum that his cause of action was not known or reasonably knowable by him, thereby extending the prescription period for his claim beyond the 2004 deadline

2

described above. While this argument is not explicitly made, we will address this for the sake of thoroughness.

> A plaintiff need not have actual knowledge of the conditions that might entitle him to bring suit, but only "constructive notice." *Cartwright v. Chrysler Corp.,* 255 La. 597, 232 So.2d 285, 287 (La.1970). Whatever is notice enough to excite attention and put the plaintiff on guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the plaintiff on inquiry is sufficient to start the running of prescription. *Id*[.] at 287.

*Jones v. State*, 04-717, p.4 (La. App. 4 Cir. 9/29/04), 891 So.2d 698, 702, *writ denied*, 04-2706 (La. 1/7/05), 891 So.2d 681.

Even if we were to accept Mr. Howard's assertion that contra non valentum applied to his case, his claim would still be prescribed. Mr. Howard's petition clearly states that "notice of Defendants' illegal and unethical acts and conduct was first provided to Plaintiff, via, {**correspondence from a local attorney**} in the latter part of June 2008." This letter clearly put him on notice of his potential claim, even if there may have been relevant facts not known by him at that time. He admits in his own petition that he received notice in June 2008. The facts alleged indicate that Mr. Howard was aware he might have a cause of action and did in fact excite him to investigate. Accordingly, his claim prescribed in June 2009, prior to his filing suit in July of that year. Nothing in the record before this court indicates the trial court erred in its ruling.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Howard.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.