801 So.2d 1187 (2001)
Benitta WESCO
v.
COLUMBIA LAKELAND MEDICAL CENTER, Individually and d/b/a Lakeland Medical Center and Lakeland Medical Center, Dr. Sarah Laine and Dr. Washington Bryan.
No. 2000-CA-2232.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 2001.
Harry D. Hoskins, III, Hoskins & Hoskins, LC, New Orleans, Counsel for Appellant, Benitta Wesco.
*1188 Franklin D. Beahm, Joseph E. Windmeyer, Jr., Beahm & Green, New Orleans, Counsel for Appellee, Lakeland Medical Center.
Trevor G. Bryan, Bryan & Jupiter, New Orleans, Counsel for Appellee, Dr. Washington Bryan.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER.
PLOTKIN, Judge.
Plaintiff, Benitta Wesco, appeals a trial court judgment granting prescription exceptions brought by defendants, Dr. Washington Bryan and Lakeland Medical Center. We affirm.

Facts
On July 1, 1997, Ms. Wesco filed a petition against Columbia Lakeland Medical Center ("Lakeland"), Lakeland Medical Center ("Lakeland"), Dr. Sarah Laine, and Dr. Washington Bryan, alleging that they committed medical malpractice during her surgery on July 12, 1995. She asserted that the negligence of these parties caused her to undergo a second surgery on July 1, 1996 to accomplish what should have been accomplished in the first surgery. The petition contained no service instructions and the record contains no evidence that any of the defendants were served until Ms. Wesco filed a First Supplemental and Amendment to the Petition on September 28, 1999. The supplemental petition contained service instructions for Lakeland and Dr. Bryan of the original petition and the amendment. Service was accomplished on October 19, 1999.
Meanwhile, presumably on July 10, 1996, Ms. Wesco filed a claim with the Patient's Compensation Fund (PCF) for a medical review panel to assess the alleged negligence of Dr. Laine and/or Lakeland.[1] On July 31, 1998, the claim with the PCF was presumably dismissed because Ms. Wesco had not complied with the requirements of the Medical Malpractice Act regarding the selection of an attorney chairman for the medical review panel.[2]
On October 26, 1999, Lakeland filed an exception of prematurity, claiming that the Medical Malpractice Act requires a claim to be filed with the PCF for a medical review panel before suit is filed in court. The trial court granted the exception on November 29, 1999, dismissing Ms. Wesco's lawsuit against Lakeland.
After he was served with Ms. Wesco's lawsuit, Dr. Bryan filed a motion to dismiss the lawsuit on December 29, 1999, on the basis that the suit, filed in July 1997 and served in October 1999, did not interrupt prescription and thus had prescribed.
On February 17, 2000, Ms. Wesco made a claim with the PCF for a medical review panel to assess Lakeland's negligence. On May 2, 2000, Lakeland filed a "Petition of Prescription," arguing that Ms. Wesco's claim with the PCF was not timely and had prescribed.
After a hearing on Dr. Bryan's motion and Lakeland's petition, the trial court rendered judgment on June 1, 2000 in favor of defendants, Dr. Bryan and Lakeland, granting their exceptions of *1189 prescription and dismissing Ms. Wesco's claims against them with prejudice.
Ms. Wesco appeals this judgment, arguing in her only assignment of error that the trial court erred by granting the prescription exceptions.
In this appeal, Ms. Wesco makes the following contentions:
1. Her July 10, 1996 timely claim with the PCF against Dr. Laine suspended the running of prescription against the other defendants until 90 days after the dismissal of the panel proceeding.
2. Because Dr. Laine never raised a prematurity exception, the claim against her in the July 1997 lawsuit was still valid.
3. The now valid lawsuit interrupted prescription against the other defendants even though the suit was premature as to them.
Though we agree with Ms. Wesco's starting premise, the balance of her analysis is illogical and contrary to the Louisiana Supreme Court's decision in LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, which was the basis for the trial court's June 1, 2000 judgment.
The prescriptive period for medical malpractice claims is set forth in LSA-R.S. 9:5628(A) which provides in part:
No action for damages for injury or death against any physician, ... [or] hospital ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Because it is undisputed that each of the defendants in this case is a "qualified health care provider" as defined in the Medical Malpractice Act, LSA-R.S. 9:5628(A) works together with LSA-R.S. 40:1299.47, which provides in part:
A. (1) All malpractice claims against health care providers covered by this Part, ... shall be reviewed by a medical review panel established as hereinafter provided for in this Section.
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part.... The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.
* * *
(c) The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the medical review panel within two years from *1190 the date the request for review of the claim was filed.
In accordance with these statutes, the first part of Ms. Wesco's argument is correct in theory. Though Ms. Wesco's first filing with the PCF in July 1997 is undisputed, without the proper documentation in the record, we cannot determine the accuracy of any specifics related to this claim. However, if indeed Ms. Wesco did make a claim with the PCF nine days after she arguably discovered the alleged negligence, prescription would have been suspended against the other defendants. If the dismissal was attributable to Ms. Wesco's failure to follow statutory guidelines regarding the selection of an attorney chairman, we interpret LSA-R.S. 40:1299.47(A)(2)(c) to indicate that the suspension stayed in place against all the defendants until the dismissal of the PCF claim, which the parties do not dispute is July 31, 1998.[3]
Ms. Wesco's second premisethat her lawsuit became valid once the "prematurity grounds are resolved" because Dr. Laine failed to except to the prematurity of the lawsuit-is flawed.[4] First, the record contains no evidence that Dr. Laine was served with or was even aware of the lawsuit. Second, the lawsuit, presumably filed after the PCF claim, would not have been premature until the claim with the PCF was dismissed. Thus, instead of the prematurity grounds being resolved, the dismissal of the PCF claim caused the lawsuit to become premature.
The jurisprudence is clear that a medical malpractice lawsuit that is premature because there is no ongoing claim filed before the PCF for a medical review panel does not interrupt prescription. Washington v. Fustok, XXXX-XXXX (La.9/21/01), 797 So.2d 56 and Baham v. Medical Center of Louisiana at New Orleans, 2000-2022 (La.App. 4 Cir. 7/11/01), 792 So.2d 85, both citing the LeBreton decision. Ms. Wesco cannot overcome this rule by arguing that any defendant, particularly one who likely was never served with the lawsuit, was required to file an exception of prematurity for the lawsuit to be premature. In light of the LeBreton decision, not one of the old cases cited by Ms. Wesco in her reply brief is sufficient authority to require that any defendant in the instant case file an exception of prematurity.
In Guitreau v. Kucharchuk, 99-2570 (La.5/16/00), 763 So.2d 575, the court answered a question it had left open in the LeBreton decision. The Guitreau decision is instructive to us in resolving, as best we can without pertinent documents in the record, how prescription ran in the case before us.
The issue in Guitreau involved section (a) of La.R.S.40:1299.47(A)(2), which provides that the prescriptive period in LSA-R.S. 9:5628 is suspended by the filing of a request for a medical review panel until ninety days following notification of the issuance of the opinion by the panel. The court, in Guitreau, held that when the ninety-day suspension period after the panel's decision is completed, malpractice plaintiffs are entitled to the time that remains unused when the request for the medical review panel is filed. Id., 763 So.2d at 581.
*1191 Although the case on appeal does not involve the ninety-day period because there is no evidence that an opinion was issued by a medical review panel in this case, the reasoning used by the Guitreau court is useful in this case. Thus, after Ms. Wesco's claim with the PCF was dismissed, the prescriptive period began running again and Ms. Wesco would have had any time remaining under LSA-R.S. 9:5628(A) as of the date she filed her first PCF claim to file another claim with the PCF. Presuming Ms. Wesco's PCF claim was filed nine days after discovery of the alleged act of negligence, she would have had almost a year from the dismissal presumably July 31, 1998in which to file another claim with the PCF. As it is, her second claim, filed on February 7, 2000, is not timely.
Ms. Wesco's third and final contention is also without merit. Here, Ms. Wesco asserts that once her PCF claim was dismissed, her previously filed suit against Dr. Laine, Lakeland, and Dr. Bryan interrupted the running of prescription against Lakeland and Dr. Bryan. Relying on Coleman v. Acromed Corp., 32,590 (La. App. 2 Cir. 12/28/99), 764 So.2d 81, writ denied, XXXX-XXXX (La.3/31/00), 759 So.2d 73, a case which explicitly distinguishes itself from LeBreton and, thus, the case before us, Ms. Wesco's contention that prescription has been interrupted in her case simply cannot stand.
Ms. Wesco's final contention falls primarily because LeBreton holds that the general rules regarding interruption of prescription do not apply in medical malpractice actions. Therefore, because prescription was never interrupted in the instant case, only suspended, Ms. Wesco's attempt to use rules regarding interruption of prescription as to solidary obligors is in vain.
In the LeBreton case, the court discussed the rationale behind its ruling, by which it overruled an earlier lower court decision:
Actions for medical malpractice against certain health care providers, such as the defendants herein, are governed by special laws, Part XXIII of Chapter 5, Miscellaneous Health Provisions of LSA-R.S. 40:1299.41, et seq. and LSA-R.S. 9:5628, which delineate the liberative prescription applicable to actions for medical malpractice under Title 40. It specifically provides, inter alia, that the filing of a medical malpractice claim with the board only suspends the time within which suit must be instituted in a district court. On the other hand, if the general codal articles of 3466 and 3472 apply, as the lower courts found in the present case in keeping with the Hernandez [v. Lafayette Bone & Joint Clinic, 467 So.2d 113 (La.App. 3 Cir.1985) ] decision, then the prescription and suspension provisions provided in the Medical Malpractice Act will be written out. Therein lies the conflict. If we let this ruling stand, we will condone and encourage the technique of unnecessarily prolonging malpractice litigation by a lesser standard. The party who improperly files a premature medical malpractice suit without first filing the claim with the board for a medical review panel, and whose suit is subsequently dismissed without prejudice, gains an additional year of prescription in addition to the suspended time provided by the Medical Malpractice Act, within which to file the suit anew.
* * *
Simply stated, the filing of a medical malpractice claim with a medical review panel triggered the suspension of prescription specially provided by the Medical Malpractice Act, rather than the interruption *1192 of the liberative prescriptive period generally provided in the Civil Code. (Citations omitted).
* * *
Thus, considering the doctrinal underpinnings for the existence of the rules of suspension, it is evident that there is no need for the general rules of interruption of prescription to combine with suspension to synergistically benefit the plaintiff.
* * *
We further find that our ruling also serves the judicial system by eliminating an advantage which Hernandez granted to those litigants who failed to follow the proper procedural sequence in medical malpractice litigation. As applied by Hernandez, those litigants who did not first submit their claim to a medical malpractice review panel as provided in LSA-R.S. 40:1299.47(B)(1)(a)(i) before filing suit in district court benefited from their error by receiving an additional year after suspension had run within which to file their suit. Under our ruling herein, this anachronistic benefit exists no longer.
714 So.2d at 1229-31.
The trial court ruling, based solely on the LeBreton decision, is correct. Finding no merit to Ms. Wesco's assigned error, we affirm the ruling of the trial court granting the defendants' exceptions of prescription and dismissing Ms. Wesco's lawsuit against them.
AFFIRMED.
NOTES
[1] This claim is not in the record, although the three parties involved in this appeal refer to it. All parties agree on the date the claim was made, but Lakeland states in its memorandum to the trial court that the claim was against Lakeland, whereas Ms. Wesco states that the claim was made against Dr. Laine.
[2] Again, no evidence of this dismissal is in the record; the parties do not dispute the date of or the reason for the dismissal.
[3] The only part of Ms. Wesco's first contention with which we disagree is her assertion that prescription remained suspended until ninety days after the dismissal of the panel proceeding, as that is not what the statute provides.
[4] In her reply brief, Ms. Wesco turns the focus to Dr. Bryan and his failure to file an exception of prescription.