| JAMES F. MCKAY III, Judge.
Plaintiff/appellant, Benitta Wesco, appeals the trial court’s judgment granting an exception of prescription on behalf of defendant/appellee, Dr. Sarah Lain. We affirm the judgment of the trial court for the reasons hereinafter stated.
On July 10, 1996, appellant filed a claim with the Patient’s Compensation Fund (PCF) for a medical review panel. Appellant alleged negligence on the part of defendants, Lakeland Medical Center (Lake-land), Dr. Washington Bryan (Bryan) and Dr. Sarah Lain (appellee). The claim asserted that the defendants’ negligence caused appellant to undergo a second surgery on July 1, 1996, to correct what her first surgery on July 12, 1995, should have accomplished. On July 31, 1998, the proceeding before the PCF was dismissed due to appellant’s failure to comply with the procedural requirements of the Medical Malpractice Act (MMA) regarding the selection of an attorney chairperson.
Prior to the dismissal of the medical review panel, appellant filed suit against Lakeland, Bryan and appellee on July 1, 1997. The petition contained no service instructions, and the defendants were not served at that time. The petition was amended on September 28, 1999, and Lakeland and Bryan were served with the *998 original and amended petitions. Appellee was not served.
Lakeland filed an exception of prematurity, which the trial court granted on November 29, 1999. On December 29, 1999, Bryan filed an exception of prescription. Thereafter, on February 17, 2000, appellant filed a second claim with the PCF. Lakeland responded with an exception of prescription. The trial court granted Bryan and Lakeland’s exceptions of prescription on June 1, 2000, dismissing appellant’s claims against them with prejudice. Appeal was taken from that judgment and this court affirmed the granting of the exceptions of prescription on November 14, 2001, in case number 2000-CA-2232.
Service of the original petition was made for the first time on appellee on September 16, 2002. Appellee responded by filing exceptions of prematurity, prescription, res judicata, abandonment and frivolous claim. On October 25, 2002, appellant filed another supplemental petition, alleging gross negligence on the part of appellee. Appellee was served with the supplemental petition on November 11, 2002. The trial court rendered judgment on December 13, 2002, in favor of appellee, granting the exception of prescription and dismissing the claim against appellee. The judgment of December 13, 2002 is now on appeal to this court.
Appellant cites as her assignments or error the trial court’s holding that gross negligence was covered by the MMA and the trial court’s granting of appellee’s exception of prescription.
In support of her position that gross negligence is not covered by the MMA, appellant cites Batson v. South Louisiana Medical Center, 98-0038 (La.App. 1 Cir. 12/28/98), 727 So.2d 613, reversed on other grounds, 1999-0232 (La.11/19/99), 750 So.2d 949. Appellant argues that although Batson involved a gross negligence claim against a state health care provider and the present case involves a private claim, it is unreasonable to treat the claims' differently. Appellant points out that while La. R.S. 40:1299.39A(l)(a)(iv)(cc) expressly excludes gross negligence claims against state healthcare providers, La. R.S. 40:1299.41A(l) does not have comparable language to exclude gross negligence for private claims under the MMA. Appellant relies on the concurring opinion in Batson, which stated:
Since the Louisiana Legislature and the Louisiana Supreme Court, in Williams v. State, Department of Health and Hospitals, 97-0055 (La.12/2/97), 703 So.2d 579, have indicated that there shall be no distinction between the applicability of the private and public malpractice acts, it is apparent that acts of gross negligence should also remove the private health care provider from the sanctuary of the Medical Malpractice Act. A cause of action given one, must also be afforded to the other.
Appellant submits that the concurring opinion in Batson further explained that one of the purposes behind the MMA was to protect good, hardworking, diligent physicians and was not intended to protect against gross negligence. Accordingly, appellant argues that as a matter of public policy and of legislative intent, the MMA should not be held to cover gross negligence for private claims.
Appellant’s prescription argument basically states that if the MMA does not cover the gross negligence claim, then the general prescription articles must apply. It is argued by appellant that pursuant to La. C.C. art. 3462, the timely filing of the original petition against appellee interrupted prescription.
*999 Appellant argues that the pleadings make a prima facie showing of contra non valentum by alleging that the discovery of the malpractice did not occur until July 1, 1996, when her second surgery was performed. Therefore, appellant submits that the original petition filed on July 1, 1997, was timely. Appellant cites Campo v. Correa, 2001-2707 (La.6/21/02), 828 So.2d 502, which held that when the pleadings make a prima facie showing of contra non valen-tum, the burden of proof shifts to the exceptor to prove the claim has prescribed. Appellant further Rasserts that appellee’s exception did not address this issue and she cannot meet her burden to show that contra non valentum does not apply.
In opposition, appellee argues that the prescriptive period applicable to medical malpractice actions is governed by La. R.S. 9:5628, which states that such actions must be filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect. In any event, even as to claims filed within one year from the date of discovery, such claims must be filed, at the latest, within a period of three years from the date of the alleged act, omission or neglect. Appellee further relies on the other procedural requirements of the MMA, particularly, La. R.S. 40:1299.47 which provides in parts:
A.(l) All malpractice claims against health care providers covered by this Part, ... shall be reviewed by a medical review panel established as hereinafter provided for in this Section.
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part.... The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfea-sors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are subject of the request for review.
(c) The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant’s attorney if no action has been taken by the claimant or the claimant’s attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed.
Appellee submits that appellant failed to appoint an attorney chairman within the time allowed, and pursuant to the above referenced articles, her claim is prescribed.
We will first address appellant’s argument that, as a matter of public policy and of legislative intent, the MMA should not be held to cover gross negligence. This issue was addressed by this court in Flood v. Pendleton Memorial Methodist Hospital, 2002-0440 (La.App. 4 Cir. 7/17/02), 823 So.2d 1002. In Flood, we acknowledged that the State Act excludes gross negligence from its coverage under certain circumstances, while the Private Act does not exclude gross negligence. Recognizing the differences between the statutes, we held in Flood that the Private Act was constitutional even though it excluded coverage for gross negligence. As in Flood, we find no merit in the argument that appellant’s gross negligence claim is not covered by the MMA.
*1000 Finding that the MMA covers appellant’s claim of gross negligence in the present case, we must next decide whether the claim has prescribed. This Court addressed this exact issue in the appeal taken from the granting of the exceptions of prescription of Lakeland and Bryan. Wesco v. Columbia Lakeland Medical Center, 2000-2232 (La.App. 4 Cir. 11/14/01), 801 So.2d 1187, writ denied, 2001-3304 (La.3/8/02), 811 So.2d 884. We hereby adopt our ruling from that appeal, which stated:
[A]fter Ms. Wesco’s claim with the PCF was dismissed, the prescriptive period began running again and Ms. Wesco would have had any time remaining under La. R.S. 9:5628(A) as of the date she first filed her PCF claim to file another claim with the PCF. Presuming Ms. Wesco’s PCF claim was filed nine days after discovery of the alleged act of negligence, she would have had almost one year from the dismissal, presumably July 31, 1998, in which to file another claim with the PCF. As it is, her second claim, filed on February 7, 2000, is not timely.
Id. at p. 1191.
We further held in the previous appeal, as we hold in the present case, that appellant’s contention, that the initial lawsuit interrupted prescription, was without merit. Relying on LeBreton v. Rabito, 97-2221(La.7/8/98), 714 So.2d 1226, we held that the general rules regarding prescription do not apply in medical malpractice actions. As stated by the Louisiana Supreme Court in LeBreton, “the filing of a medical malpractice claim with a medical review panel triggered the suspension of prescription specially provided by the Medical Malpractice Act, rather than the interruption of the liberative prescriptive period generally provided in the Civil Code.” In accordance with the jurisprudence, and with our holding in the previous appeal, we find that appellant’s case against appellee has prescribed.
For the foregoing reasons, we affirm the judgment of the trial court granting the exception of prescription in favor of appel-lee.
AFFIRMED.
MURRAY, J., concurring with reasons.