STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JAC 12-767 consolidated with CA 12-768

IN RE: PETITION OF K.A.T. AND D.M.G., ETC.

Consolidated With

K.A.T., ET AL.

VERSUS

R.B.F., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. A-20080037 C/W C-20103279
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Randy Paul Angelle**
**Christi M. Roy Hemphill**
**Boyer, Hebert, Abels & Angelle**
**401 East Mills**
**Breaux Bridge, LA 70517**
**(337) 332-0616**
**COUNSEL FOR APPELLANTS:**
    **K.A.T.**
    **D.M.G.**

**Diane Sorola**
**402 W. Convent St.**
**Lafayette, LA 70501**
**(337) 234-2355**
**COUNSEL FOR APPELLEES:**
**R.B.F.**
**C.N.F.**

**Charles G. Fitzgerald**
**Cox Fitzgerald, L.L.C.**
**113 West Convent Street**
**Lafayette, LA 70501**
**(337) 233-9743**
**COUNSEL FOR APPELLANTS:**
**K.A.T.**
**D.M.G.**

**Bradley Richard**
**Regional Administrator**
**825 Kaliste Saloom, Bldg 1, #2**
**Lafayette, LA 70508**
**COUNSEL FOR APPELLEE:**
**Dept of Children & Family Services**

**EZELL, Judge.**

The biological mother and father in this intrafamily adoption proceeding filed a petition to annul the adoption. They now appeal a trial court judgment which sustained the adoptive parents' exception of prescription and ruled that the law of the case doctrine applied.

**FACTS**

B.M.G. was born to K.A.T. and D.M.G. on October 30, 2007.[1] On May 22, 2008, the biological parents filed a joint petition for voluntary transfer of custody of the child from the father to the mother. The next day a petition for intrafamily adoption was filed by the maternal grandmother and her husband, C.N.F. and R.B.F. Both the biological mother and father signed authentic acts of consent to the adoption before a notary and two witnesses.

On March 11, 2009, a judgment of adoption in favor of C.N.F. and R.B.F. was signed. An amended judgment of adoption was signed on March 31, 2009, in order to correct the spelling of the child's name.

On May 13, 2010, in a separate proceeding, the biological mother and father filed a petition to annul the intrafamily adoption alleging fraud and duress. This proceeding was consolidated with the custody and adoption proceeding. The trial court then ordered that the parties appear in court to determine whether any legal error existed which would nullify the final decree of adoption. On June 2, 2010, the trial court found that there was no legal error which would nullify the adoption. The trial court then determined that a hearing was necessary to determine whether there was fraud or duress.

The adoptive parents filed several exceptions alleging no cause of action and vagueness. The biological parents responded with amending petitions. The biological

---

[1] Pursuant to Uniform Rules–Courts of Appeal, Rule 5-1(a), we are using initials of the parties involved in this adoption proceeding.

parents also filed a motion to recuse the presiding judge alleging that he would be called as a witness at the hearing on the annulment. After a hearing, the judge was recused.

On November 11, 2010, the biological parents filed an ex parte motion to rescind the adoption judgment and the amended adoption judgment. For the first time they alleged that the statutory requirements of La.Ch.Code art. 1243 had not been met. Specifically, they alleged that prior to filing the petition for adoption, the adoptive parents had not had physical custody of the minor child for at least six months as required by La.Ch.Code art. 1243(A)(3). The biological parents allege that the trial court lacked subject matter jurisdiction due to the absence of this statutory requirement and that therefore, the adoption judgments were null and void.

The adoptive parents filed an exception of res judicata due to the June 2, 2010 ruling of the trial court that there was no authority "for the court to grant an annulment of the judgment based upon the occurrence of the commission of a legal error." A hearing on the exception of res judicata was held on February 27, 2012. At that time the adoptive parents withdrew the exception of res judicata since the June 2, 2010 ruling was an interlocutory judgment and not a final judgment. However, they orally raised issues of law of the case and prescription.

The trial court granted the exception of prescription in addition to finding that the law of the case doctrine applied. A judgment was signed on April 4, 2012. It is from this judgment that the biological parents appeal.

## PRESCRIPTION

The biological parents argue that the trial court erred in granting the adoptive parents' exception of prescription for two reasons. First, they argue that La.Code Civ.P. art. 2002 and not La.Code Civ.P. art. 2004 applies. Specifically, they argue

that the trial court lacked the power and authority, i.e. subject matter jurisdiction, to grant the adoption because the statutory requirements of La.Ch.Code art. 1243 had not been met. Specifically, they argue that the adoptive parents did not have custody of the minor child for six months prior to filing the petition for adoption. La.Ch.Code art. 1243(A)(3). The biological parents argue that this created an absolutely null judgment which could be annulled at any time.

Secondly, the biological parents claim that La.Ch.Code art. 1263(B) and not La.Code Civ.P. art. 2004 is applicable to their claims of fraud and duress. We will discuss each of these arguments separately.

Application of La.Code Civ.P. art. 2002

Louisiana Code of Civil Procedure Article 2002(A)(3) provides that a final judgment rendered by a court which lacked subject matter jurisdiction over the suit shall be annulled. Furthermore, the action to annul such a judgment can be brought at any time. La.Code. Civ.P. art. 2002(B).

"Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La.Code Civ.P. art. 2.

Whether the child had been living with the adoptive parents for six months at the time of the filing of the petition for adoption has nothing to do with whether the district court had subject matter jurisdiction to hear an adoption case. Rather, it is a premature action.

The objection of prematurity raises the issue of whether the judicial right of action has yet to come into existence because some prerequisite condition has not been fulfilled, and prematurity is determined by the facts existing at the time suit is

3

filed. *Riveria v. Bolden's Transp. Serv., Inc.*, 11-1669 (La.App. 1 Cir. 6/28/12), 97 So.3d 1096. The right to file for intrafamily adoption by a grandparent and stepgrandparent does not accrue until they have had custody for six months. La.Ch.Code art. 1243(A)(3). Since the adoptive parents filed the petition less than six months after having custody, their action was premature because it was brought before the right to enforce the claim had accrued. La.Code Civ.P. art. 423. Therefore, an exception of prematurity rather than a petition for annulment of judgment based on La.Code Civ.P. art. 2002 for lack of subject matter jurisdiction was the proper procedural device to use.

An objection to the prematurity of an action is raised by a dilatory exception. La.Code Civ.P. art. 926(A)(1). The right to file the exception of prematurity is waived if not pleaded prior to an answer or along with the filing of any pleading seeking relief other than the entry or removal of an attorney, an extension of time, security for costs or dissolution of an attachment issued on the ground of nonresidence of a defendant. La.Code Civ.P. art. 928(A). The biological parents waived the right to raise this argument because they never alleged the action was premature until after the filing of several petitions to annul the adoption.

Application of La.Ch.Code art. 1263(B)

The biological parents contend that their petition to annul the intrafamily adoption was timely as it was filed within six months from their discovery of the alleged fraud and duress and within two years from the date the final decree of adoption was granted.

Louisiana Children's Code Article 1263(B) provides:

An action to annul a final decree of adoption based upon a claim of fraud or duress perpetrated by an adoptive parent must be brought within six months from discovery of the fraud or duress and in no event later

4

than two years from the date of the signing of the final decree or mailing of the judgment when required.

The comments to La.Ch.Code art. 1263 provide that the purpose of the preemptive periods "is to provide greater certainty and earlier finality to adoption decrees."

The biological parents have alleged that they did not know what they were signing when they each signed separate authentic acts of consent to adoption in May 2008. They have alleged that they thought they were signing custody documents and that the consent to adoption verifications had been slipped into the stack of documents they were signing. They claim that they did not have knowledge of the adoption proceedings until the attorney provided the biological mother with a copy of the petition for adoption on May 3, 2010.

The documents clearly stated "**AUTHENTIC ACT OF CONSENT TO ADOPTION.**" Even if we find that the biological parents had no idea that they were signing adoption papers, the record indicates that the parents were advised by the signing judge that that were agreeing to the adoption of their child and would lose all rights regarding the child.

At the hearing on the motion to recuse Judge Edwards as a potential witness held on May 4, 2011, Judge Edwards testified regarding his memory of the hearing with the parties concerning the final decree of adoption. The hearing was held on March 11, 2009, but there was no minute entry and the hearing was not transcribed. In their pleadings, both the biological mother and father admit they were present at this hearing. It was explained to Judge Edwards at the hearing that the mother was unstable in a number of ways and that it was best for the grandparents to adopt the child. Judge Edwards testified that he even inquired if the mother was sure she wanted to do this and explained to her that it could not be "undone." Judge Edwards testified that he was convinced that the mother knew that her child was being adopted

5

and that adoption was forever. Once all the parties agreed, he signed the judgment of adoption. At least by the date of this hearing on May 11, 2009, the biological parents knew that their child had been adopted.

The biological parents filed their first petition to annul the adoption on May 13, 2010. This is a year after they had met with the trial judge for the signing of the final adoption papers. Pursuant to La.Ch.Code art. 1263(B), the time limit for filing an action to annul a final decree of adoption based upon a claim of fraud or duress perpetrated by an adoptive parent had passed. The trial court was correct in sustaining the exception of prescription as to the biological parents' petition to annul the adoption.

Since we find that the biological parents' claims have prescribed, there is no need for us to discuss the other issues they have raised on appeal.

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assed to K.A.T. and D.M.G.

**AFFIRMED.**

6