# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1236

KASANDRA ALEXANDER, INDIVIDUALLY AND
ON BEHALF OF MILTON BERNARD

VERSUS

ACADIAN AMBULANCE SERVICES, INC., ET AL

.

\*\*\*\*\*\*\*\*\*\*

ON SUPERVISORY WRIT FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-2250
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and John E. Conery,
Judges.

**AFFIRMED.**

**John Nickerson Chappuis**
**Voorhies & Labbé**
**(A Professional Law Corporation)**
**P. O. Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Acadian Ambulance Services, Inc.**

M. Candice Hattan
A Professional Corporation
P.O. Drawer 91850
Lafayette, LA 70509
(337) 234-0431
COUNSEL FOR PLAINTIFF/RESPONDENT:
    Kasandra Alexander

**PICKETT, Judge.**

The defendant ambulance service filed a supervisory writ application seeking review of the trial court's denial of its exception of prescription, urging prescription was not interrupted by the plaintiff's suit for medical malpractice because she did not first present her claims to a medical review panel. For the following reasons, we deny the writ application.

## FACTS AND PROCEDURAL HISTORY

On December 23, 2008, Milton Bernard, a patient at a Lafayette rehabilitation facility, was injured when an Acadian Ambulance Services, Inc. (Acadian) employee was attempting to unload him from an ambulance in a non-emergency situation, and his gurney fell to the ground. On April 13, 2009, Mr. Bernard's daughter, Kasandra Alexander, filed suit, individually and on his behalf, seeking damages for the ambulance driver's alleged negligence. She did not file a claim with the Patient's Compensation Fund (PCF) for a medical review panel as provided in the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41-49 (LMMA).

After obtaining an extension to file responsive pleadings, Acadian filed an answer to the suit on October 31, 2011. The parties continued trial preparation, including discovery, which had already begun. On July 23, 2012, Acadian filed a

peremptory exception of prescription in which it alleged that Ms. Alexander's claims were prescribed because the suit alleged acts of medical malpractice and was filed without first submitting the claims to a medical review panel. Following a hearing, the trial court denied the exception, and Acadian filed this writ application seeking a review of the trial court's ruling.

## STANDARD OF REVIEW

The only issue presented for our consideration is a legal issue, and no dispute regarding material facts exists. In such cases, the reviewing court applies the de novo standard of review. *Kevin Assocs., L.L.C. v. Crawford*, 03-211 (La. 1/30/04), 865 So.2d 34. Accordingly, we must determine if the trial court's denial of Acadian's exception of prescription is legally correct. *Forum for Equality PAC v. McKeithen*, 04-2477, 04-2523 (La. 1/19/05), 893 So.2d 715.

## DISCUSSION

Acadian asserts that the trial court erred in denying its exception of prescription because (1) Ms. Alexander's claims are governed exclusively by the LMMA, (2) she did not present her claims to a medical review panel before filing suit in district court, and (3) more than three years have elapsed since the alleged malpractice; therefore, her claims are prescribed.

The prescriptive period for medical malpractice claims is one year from the date of the alleged negligent act or one year from the date of the discovery of the alleged negligent act. La.R.S. 9:5628(A). Nonetheless, all medical malpractice claims must be filed within three years of the alleged negligent act. *Id.* This prescriptive period is subject to suspension by the LMMA which provides in La.R.S. 40:1299.47(A)(1), that medical malpractice claims against qualified health care providers "shall be reviewed by a medical review panel," and in La.R.S.

2

40:1299.47(A)(2)(a), that the filing of a medical malpractice claim with a medical review panel suspends prescription "until ninety days following notification . . . to the claimant or his attorney of the issuance of the opinion by the medical review panel."

Ms. Alexander does not dispute that her claims are governed by the LMMA and that Acadian is a "qualified health care provider." She contends, however, that Acadian waived its right to a medical review panel by not filing an exception of prematurity before answering her suit; therefore, her claims are not prescribed.

Ms. Alexander's argument is premised on La.R.S. 40:1299.47(B)(1)(c), which provides that the medical review panel may be waived if all the parties agree and the holding in *Barraza v. Scheppegrell* 525 So.2d 1187 (La.App. 5 Cir. 1988), that pursuant to La.Code Civ.P. arts. 926 and 928, a defendant doctor who failed to file an exception of prematurity before answering a medical malpractice lawsuit waived his right to a medical review panel. The trial court accepted Ms. Alexander's arguments and overruled Acadian's exception.

Relying on *Wesco v. Columbia Lakeland Medical Center*, 00-2232 (La.App. 4 Cir. 11/14/01), 801 So.2d 1187, *writ denied,* 01-3304 (La. 3/8/02), 811 So.2d 884, Acadian attempts to distinguish its claim of prescription from a claim of prematurity. In *Wesco*, the plaintiff filed a claim with the PCF for a medical review panel as provided in the LMMA. She also filed a petition for damages asserting medical malpractice by a medical center and two doctors. In the meantime, the plaintiff's PCF claim was dismissed because she failed to comply with the attorney chairman requirements of the LMMA. The medical center defendant filed an exception of prematurity to the lawsuit, asserting that the LMMA requires a claim to be submitted to a medical review panel before suit is

filed. The trial court granted the exception of prematurity and dismissed the lawsuit against the medical center.

Thereafter, the plaintiff made another claim with the PCF for a medical review panel. The medical center and one of the doctors filed exceptions of prescription. The trial court granted the exceptions and dismissed the plaintiff's claims against those defendants with prejudice. On appeal, the plaintiff contended that her claim against a third doctor, Dr. Sarah Laine, was still valid because Dr. Laine never filed an exception of prematurity. The fourth circuit affirmed the trial court, finding there was no evidence that Dr. Laine was served with the lawsuit or was even aware of the suit. Further, the court explained:

> The jurisprudence is clear that a medical malpractice lawsuit that is premature because there is no ongoing claim filed before the PCF for a medical review panel does not interrupt prescription. Ms. Wesco cannot overcome this rule by arguing that any defendant, particularly one who likely was never served with the lawsuit, was required to file an exception of prematurity for the lawsuit to be premature. In light of the *LeBreton* [*v. Rabito*, 97-2221 (La. 7/8/98), 714 So.2d 1226,] decision, not one of the old cases cited by Ms. Wesco in her reply brief is sufficient authority to require that any defendant in the instant case file an exception of prematurity.

*Id*. at 1190 (citations omitted).

*LeBreton*, 714 So.2d 1226, presented the issue of whether the general provision on interruption of prescription found in La.Civ.Code art. 3462 applies simultaneously with the specific suspension of prescription provision contained in La.R.S. 40:1299.47(A)(2)(a) of the LMMA. The plaintiff in *LeBreton* filed a wrongful death lawsuit on August 18, 1992, against three health care providers and also filed a request for review by a medical review panel with the PCF on August 19, 1992, seeking review of the claims made against the same health care providers in its lawsuit. The defendants filed exceptions of prematurity which were granted,

and the plaintiff's lawsuit was dismissed without prejudice. The plaintiff presented his claims to the medical review panel which found no medical malpractice on the part of any of the defendants. Approximately five months after receiving notice of the panel's decision, the plaintiff filed suit against the defendant health care providers. The defendants filed exceptions of prescription.

Based on this court's decision in *Hernandez v. Lafayette Bone & Joint Clinic*, 467 So.2d 113 (La.App. 3 Cir. 1985), the trial court in *LeBreton* denied the defendants' exceptions, and the fourth circuit denied writs. *LeBreton*, 94-1440 (La.App. 4 Cir. 2/23/95), 650 So.2d 1245. *Hernandez* held that filing a suit in district court against a qualified health care provider interrupts the prescription for filing a medical malpractice claim with a medical review panel and the one-year prescriptive period begins to run anew after the ninety-day suspension period of La.R.S. 40:1299.47(A)(2)(a) ends. Conversely, in *LeBreton*, 714 So.2d 1226, the supreme court concluded that the specific provisions of the LMMA alone addressed the issue presented and held that the plaintiff's filing her claim with the medical review panel suspended prescription until ninety days after notice of the medical review panel's opinion to the plaintiff or her attorney. The supreme court reversed *Hernandez's* concurrent application of the provisions of the LMMA and the more general liberative prescripton articles of the Civil Code. Accordingly, the supreme court held that the plaintiff's suit filed five months after notice of the medical review panel's decision was filed too late, and her claim had prescribed pursuant to La.R.S. 40:1299.47(A)(2)(a). *LeBreton*, 714 So.2d 1226

Acadian argues that under *LeBreton*, 714 So.2d 1226, and its progeny, Ms. Alexander's claims are prescribed. Notably, however, Acadian does not address the fact that the defendants in *Wesco*, 801 So.2d 1187, and *LeBreton* did

5

not file answers or the fact that the doctors who filed the exceptions of prescription in *LeBreton* had filed exceptions of prematurity in the trial court to have the plaintiff's suit dismissed until the medical review panel proceeding was complete.

Against this backdrop, we address the issue presented. The supreme court addressed the issue of prematurity in the context of a medical malpractice claim in *Spradlin v. Acadia-St. Landry Medical Foundation*, 98-1977, p. 4 (La. 2/29/00), 758 So.2d 116, 119, stating:

> The dilatory exception of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination. This exception is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for decision by a medical review panel before filing suit against the provider. In this type of case, the exception of prematurity neither challenges nor attempts to defeat any of the elements of the plaintiff's cause of action. Rather, the defendant asserts that the plaintiff has failed to take some preliminary step necessary to make the controversy ripe for judicial involvement. Thus a *malpractice* claim against a private qualified health care provider is subject to dismissal on a timely filed exception of prematurity if such claim has not first been screened by a pre-suit medical review panel. La.Rev.Stat. 40:1299.47 A. This pre-suit screening process acts to delay, not to defeat, a tort suit for malpractice. Frank L. Maraist and Thomas C. Galligan, Jr., *Louisiana Tort Law* § 21-3(f) (1996).

The objection of prematurity is waived unless pled in a dilatory exception prior to answer or judgment of default. La.Code Civ.P. arts. 926, 928(A). The supreme court addressed this issue in a different context in *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007 (La.1993). In *Barrie*, the parties' contract required the plaintiffs to have the property they alleged was damaged by termites inspected by the defendants before filing suit. They did not. After answering the petition, the defendants filed a peremptory exception of no cause of action and motions for summary judgment. The supreme court held that the defendants' "prematurity argument which is based on the failure to comply with a contractual

6

provision, was waived when [they] answered plaintiffs' original petition without a prior pleading of that dilatory exception objection. LSA-C.C.P. arts. 926, 928(A)." *Id.* at 1018. The court admonished, "[o]nce waived, the prematurity argument could not be resurrected by camouflaging it as a substantive issue." *Id.*

Acadian seeks to do exactly what the defendants in *Barrie* sought to do—camouflage an exception of prematurity as an exception of prescription. It cannot, and *LeBreton*, 714 So.2d 1226, does not stand for the proposition that it can. As explained in *Spradlin*, 758 So.2d at 119, a medical malpractice claim "is subject to dismissal on a timely filed exception of prematurity if such claim has not first been screened by a pre-suit medical review panel." Notwithstanding this requirement, a defendant who fails to file an exception of prematurity before filing an answer when the plaintiff failed to take such preliminary step waives the exception. *Barrie*, 625 So.2d 1007. *See also, Moon Ventures, L.L.C. v. KPMG, L.L.P.*, 06-1520 (La.App. 3 Cir. 8/15/07), 964 So.2d 446, *writ denied*, 07-1862 (La. 11/21/07), 967 So.2d 1156, where another panel of this court reached the same conclusion in the context of a claim for negligence under the Louisiana Accountancy Act, La.R.S. 37:71-125. The Louisiana Accountancy Act requires that such claims be reviewed by a public accountant review panel before suit can be filed against a certified public accountant or accounting firm. La.R.S 35:102. Claims for professional liability against certified public accountants are subject to a one-year prescriptive period and a three-year peremptive period. La.R.S. 9:5604.

Acadian seeks to bolster its argument with *Farve v. Jarrott*, 04-1424 (La.App. 4 Cir. 10/13/04), 886 So.2d 594, *writ denied*, 05-07 (La. 3/11/05), 896

So.2d 74.[1] We have reviewed and considered *Farve* and find it does not affect our conclusion. The fourth circuit based its conclusion on *LeBreton*, 714 So.2d 1226, without analyzing the differences in the facts in *LeBreton* and the facts in *Farve* as we have. Importantly, the fourth circuit did not consider the supreme court's discussion of prematurity in *Spradlin*, 758 So.2d 116. Moreover, *Farve* cites *Wesco*, 801 So.2d 1187, as support for its holding, which, as discussed above, is not applicable because the defendant health care provider in *Wesco* did not file an answer before filing an exception of prematurity.

For these reasons, we find the trial court's denial of Acadian's exception of prescription is legally correct.

## DISPOSITION

The application for supervisory writs is denied, and the matter is remanded to the trial court for further proceedings.

**WRIT DENIED.**

---

[1] In *Farve*, the PCF filed an exception of prescription asserting that pursuant to *LeBreton* 714 So.2d 1226, the plaintiff's premature lawsuit did not interrupt prescription under the LMMA; therefore, the plaintiff's request for a medical review panel was untimely. Despite the fact that the plaintiff had filed suit within one year of the surgery that put him on notice of the defendant doctor's alleged malpractice and the fact that the defendant doctor had filed an answer to the suit, the fourth circuit reversed the trial court's denial of the exception of prescription.