STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

25-485


KATHY LORRAINE HAND

V.

WHITE'S MOBILE HOMES, INC.


**********


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NUMBER 30,076, DIVISION B
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**********

**LEDRICKA J. THIERRY**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Ledricka J. Thierry, and Clayton Davis, Judges.


**REVERSED AND REMANDED.**

**Jerry Lytel Lavespere, Jr.**
**Attorney at Law**
**1805 Jackson St.**
**Alexandria, LA 71301**
**(318) 449-9160**
**COUNSEL FOR PLAINTIFF/APPELLANT**
      **Kathy Lorraine Hand**

**Kevin Louis Camel**
**Cox, Cox, Filo, Camel**
**723 Broad St.**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLANT**
      **Kathy Lorraine Hand**

**Joshua J. Dara, Jr.**
**R. Morgan Briggs**
**Connor C. Headrick**
**Edward E. Rundell**
**Steven M. Oxenhandler**
**Gold, Weems, Bruser, Sues & Rundell**
**2001 MacArthur Drive**
**P.O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE**
      **White's Mobile Homes, Inc.**

**THIERRY, Judge.**

In this lawsuit between a buyer and a seller of a mobile home, the trial court granted the seller's motion for summary judgment due to the buyer's failure to provide the requisite pre-suit notice. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In 2020, Kathy Lorraine Hand ("Hand") purchased a mobile home from White's Mobile Homes, Inc. ("White's"). Soon thereafter, Hand allegedly began to experience several issues with the mobile home, including leaking, lack of levelness, and plumbing issues. A few months later, she filed a petition for damages against White's, alleging, *inter alia*, that White's (1) sold her a mobile home containing hidden defects, (2) failed to install the mobile home to industry standards, (3) failed to level the mobile home correctly, and (4) did not warrant the mobile home. Although White's timely filed an answer to the petition, White's did not file any dilatory exceptions, including an exception of prematurity.

Trial was set for February 3, 2025. Two months before trial, White's filed a motion for summary judgment along with several exhibits. For the first time after four years of litigation, White's alleged that Hand failed to send notice to the Louisiana Manufactured Housing Commission ("the Commission") as required by the New Manufactured and Modular Home Warranty Act ("NMMHWA"), and that such a failure was fatal to her claims against White's. Accordingly, White's asked that Hand's claims be dismissed. Hand filed an opposition with exhibits to White's motion for summary judgment, but the trial court ordered that the opposition and exhibits be stricken from the record due to improper service.

After the hearing on the matter, the trial court granted White's motion for summary judgment. The trial court explained in its Written Reasons that the NMMHWA's notice requirement was essential rather than "merely procedural," that Hand failed to provide the mandated notice, and that such an omission was fatal to her claims. Since the trial court further found that NMMHWA provided the exclusive remedy for Hand's claims, the trial court dismissed all of Hand's claims against White's. Hand appeals this judgment.

## ASSIGNMENTS OF ERROR

Hand alleges that the trial court erred when it (1) retroactively applied the 2021 version of the NMMHWA instead of the version of the NMMHWA in effect at the time of the 2020 sale; (2) found that White's did not waive its notice argument when it failed to file an exception of prematurity; and (3) granted the motion for summary judgment despite the existence of genuine issues of material fact.

## ANALYSIS

We first consider the threshold issue presented in Hand's second assignment of error: whether a motion for summary judgment is the proper procedural vehicle to raise a lack of notice argument.

As a preliminary matter, we note that White's motion for summary judgment, including its list of essential legal elements and memoranda accompanying the motion, relates purely to the notice provision set forth in La.R.S. 51:912.5. Louisiana Code of Civil Procedure Article 966(F) is clear that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." Neither White's motion nor the record reflects that White's asserted an affirmative defense that the lack of notice defeats

Hand's claim. Therefore, in accordance with La.Code Civ.P. art. 966(F), only the notice requirement in La.R.S. 51:912.5 is before us.

The version of La.R.S. 51:912.5 in effect at relevant times required the owner of a mobile home to give written notice to the Commission before instituting an action for breach of warranty.[1] It is undisputed that Hand did not notify the Commission prior to filing her lawsuit in 2020 and thus did not comply with La.R.S. 51:912.5. Likewise, it is also undisputed that White's raised lack of notice under La.R.S. 51:912.5 for the first time—over four years after commencement of this lawsuit—in a motion for summary judgment.

In deciding to grant the summary judgment, the trial court relied upon two federal cases: *Landry v. Legacy Hous. Corp.*, 2021 WL 5830646 (W.D. La. Dec. 8, 2021) and *Singletary v. Cypress Manufactured Homes LLC*, 2023 WL 2771544 (W.D. La. Mar. 30 2023). In both cases, the Western District of Louisiana found that each plaintiff's failure to provide notice under La.R.S. 51:912.5 was fatal. However, the *Singletary* court dismissed the plaintiff's claims without prejudice, and it does

---

[1] The version of La.R.S. 51:912.5 in effect at relevant times stated:

A. Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the commission written notice by filling out the consumer complaint form provided by the commission and submitting it by registered or certified mail within one year after knowledge of the defect, advising the commission of all defects. The commission shall then have the home inspected and a determination made on all defects listed by the owner. Thereafter, the commission shall give the appropriate builder a reasonable opportunity to comply with the provisions of this Part. Once the repairs are made, the commission shall have the home reinspected to determine if the repairs have been made in compliance with the building standards.

B. The dealer or developer licensee shall give the owner written notice of the requirements of this Part at the time of the closing between the dealer or developer and the owner, or if there is no such closing, at the time of the execution of the purchase agreement between the dealer or developer and the owner. The commission shall adopt and promulgate rules and regulations in accordance with the Administrative Procedure Act to implement the provisions of this Subsection.

not appear that the plaintiffs in either case raised issues of waiver or estoppel under the federal procedural law.

The trial court's reliance on federal district court jurisprudence overlooks the differences in the laws of procedure that govern state and federal courts. Under state law, Louisiana recognizes the dilatory exception of prematurity. A dilatory exception functions to "merely [retard] the progress of the action" and not to defeat the action. La.Code Civ.P. art. 923. Such an exception must be pleaded prior to or in the answer, or else "all objections which may be raised through the dilatory exceptions are waived . . . ." La.Code Civ.P. art. 926; La.Code Civ.P. art. 928(A).

There is no exact federal counterpart to the exception of prematurity. In the *Singletary* case, the defendants alleged the action was premature on a motion to dismiss. *Singletary v. Cypress Manufactured Homes LLC*, 2023 WL 2771544 (W.D. La. Mar. 30 2023). The court dismissed the plaintiff's claims without prejudice for failure to provide notice, which would have been the result here if White's had timely filed an exception of prematurity. There were no allegations that the defendants' motion to dismiss was untimely in *Singletary*. *Id.* Thus, this jurisprudence provides no guidance on the situation before us. In *Landry*, the court granted a summary judgment, dismissing plaintiff's claims for failure to provide notice. *Landry v. Legacy Hous. Corp.*, 2021 WL 5830646 (W.D. La. Dec. 8, 2021). However, the plaintiff did not appear to raise any waiver or estoppel arguments under federal procedure. *Id.* Therefore, the federal cases cited by the trial court have limited relevance here.

Beyond those two federal cases, there is little jurisprudence on notice in the context of the NMMHWA. However, the language of the New Home Warranty Act ("NHWA") is similar to that of the NMMHWA as regards notice. *See, e.g.*, La.R.S.

4

9:3145.[2] The fourth circuit recently considered an exception of prematurity after a homebuyer failed to provide pre-suit written notice of alleged defects in the home, as statutorily required under the NHWA. *See Williams v. Wood*, 19-894 (La.App. 4 Cir. 3/25/20), 294 So.3d 581. Although *Williams* concerned the merits of the exception of prematurity, rather than whether the exception of prescription was the procedurally proper mechanism to raise notice, we nonetheless find it persuasive that another court has implicitly recognized an exception of prematurity as the correct mechanism to raise a notice argument.

Moreover, general jurisprudential principles reinforce that an exception of prematurity is the proper way to challenge lack of notice under the NMMHWA. Louisiana courts have consistently held that an exception of prematurity is appropriate when the parties dispute whether a case "has matured to the point where it is ripe for judicial determination." *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-451, p. 4 (La. 12/1/04), 888 So.2d. 782, 785; *see also Moreno v. Entergy Corp.*, 10-2268 (La. 2/18/11), 64 So.3d 761. Similarly, the "failure to exhaust administrative remedies *must* be raised in a dilatory exception." *Williams v. City of Baton Rouge*, 16-932, p. 6 (La.App. 1 Cir. 4/12/17) (2017 WL 1376582)

---

[2] La.R.S. 9:3145 provides:

A. Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter.

B. The builder shall give the owner written notice of the requirements of this Chapter at the time of the closing between the builder and the owner, or if there is no such closing, at the time of the execution of the construction contract between the builder and the owner. The Louisiana State Licensing Board for Contractors shall adopt and promulgate rules and regulations in accordance with the Administrative Procedure Act to implement the provisions of this Subsection.

(unpublished opinion) (emphasis in original); *see also Guste Homes Resident Mgmt. Corp. v. Thomas*, 20-110 (La.App. 4 Cir. 7/29/20), 302 So.3d 1181. And as our court has previously stated, "[t]he objection of prematurity raises the issue of whether the judicial right of action has yet to come into existence because some prerequisite condition has not been fulfilled, and prematurity is determined by the facts existing at the time suit is filed." *In re K.A.T.*, 12-767, pp. 3–4 (La.App. 3 Cir. 12/5/12), 105 So.3d 1007, 1010, *writ denied*, 13-0321 (La. 2/20/13), 108 So.3d 759; *see also Williamson*, 888 So.2d at 785 ("An action is premature when it is brought before the right to enforce it has accrued.").

The notice language in the NMMHWA is mandatory. Hand was, undoubtedly, required to notify the Commission prior to filing her lawsuit. Her failure to meet the "prerequisite condition" of providing notice to the Commission raises questions as to whether her case is "ripe for judicial determination." *In re K.A.T.*, 105 So.3d at 1010; *Moreno*, 64 So.3d at 763. Such an analysis falls squarely within the ambit of an exception of prematurity.

Although White's attempts to couch notice as a substantive issue, the Louisiana Supreme Court rejected this tactic in *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007 (La.1993). In *Barrie*, the defendants filed exceptions of no cause of action and motions for summary judgment due to the plaintiffs' failure to comply with "conditions precedent to suit," namely, the failure to comply with a termite contract provision mandating third-party inspection of the property prior to filing a claim for damages. *Id.* at 1018. The supreme court was not persuaded by the defendants' procedural maneuvers and held that "[o]nce waived, the prematurity argument could not be resurrected by camouflaging it as a substantive issue." *Id.* Relying on *Barrie*, our court similarly held that a defendant in a medical malpractice

6

case could not raise prematurity (due to a plaintiff's failure to first file a claim with a medical review panel) camouflaged in an exception of prescription. *Alexander v. Acadian Ambulance Servs., Inc.*, 12-1236 (La.App. 3 Cir. 5/22/13), 114 So.3d 605, *writ denied*, 13-1478 (La. 9/27/13), 123 So.3d 729. Here, too, we must look to Louisiana's state procedural law and jurisprudence. Likewise, White's cannot resurrect its prematurity argument under La.R.S. 51:912.5 in the form of a motion for summary judgment.

Therefore, we hold that the proper procedural vehicle in which to raise lack of notice under La.R.S. 51:912.5 is through an exception of prematurity. Because White's did not file an exception of prematurity, it waived any notice objections under La.R.S. 51:912.5. We further hold that, since White's motion for summary judgment is premised on Hand's failure to provide notice under La.R.S. 51:912.5, the trial court erred in granting the motion. We decline to reach the remaining issues, as they are now moot.

## DECREE

For the foregoing reasons, we reverse the trial court's granting of White's Motion for Summary Judgment and remand for further proceedings. Costs of this appeal are assessed to Appellee, White's Mobile Homes, Inc.

**REVERSED AND REMANDED.**